362 So.2d 590 (1978)
The SINGER COMPANY et al.
v.
Lester SMITH, Jr.
Lester SMITH, Jr.
v.
CONSOLIDATED FURNITURE INDUSTRIES et al.
No. 50469.
Supreme Court of Mississippi.
August 23, 1978.
Daniel, Coker, Horton, Bell & Dukes, Jackson H. Ables, III, Jackson, for appellant, Singer Co.
Butler, Snow, O'Mara, Stevens & Cannada, Dan McCullen, Jackson, for Lester Smith, Jr.
Watkins & Eager, Velia A. Mayer, Jackson, for Consolidated Furniture.
Before PATTERSON, C.J., and WALKER and BOWLING, JJ.
WALKER, Justice, for the Court:
This is a workmen's compensation suit filed by Smith against Singer (and its carrier, Liberty Mutual) and against Magnavox (and its carrier, Travelers Insurance). Smith alleged disability due to inhalation of abiruana dust while employed successively *591 by the two employers. After a hearing before an attorney-referee, the case was appealed to the Workmen's Compensation Commission. The Commission found that Smith had incurred an accidental injury or disease arising out of employment and awarded medical expenses, temporary total disability and permanent partial disability. Liability for such awards was placed on Magnavox and suit dismissed as to Singer.
On appeal to the Circuit Court of Madison County, the Commission's decision as to employment-caused disability was affirmed; however, with modifications in the amounts awarded. The assessment of all liability on Magnavox was reversed, and liability was apportioned between Magnavox and Singer.
Smith's major contentions are that Singer or Magnavox should be held liable, that limiting the permanent partial disability, award to twenty-five percent was erroneous; and that temporary total disability compensation should not have been terminated on May 16, 1973, but continued to the date of trial.
Magnavox contends there was error in computation of dates and amounts of the disability award, and that there was a preexisting disease (asthma) for which apportionment should have been granted.
Singer contends that it was error of law to place liability upon them and that Magnavox should bear the entire burden.
When all of the assignments of error are distilled to the basics, two central issues emerge. The first is the factual determination of the amount of disability and when it was incurred; and, second is the legal determination of which insurance carrier should be held liable under the facts of the present case.
Smith was a woodworking machine operator at a furniture factory in Flora, Mississippi from 1961 until April 12, 1973. In September 1972, the plant began using a foreign wood named abiruana. After numerous visits to various doctors beginning in September 1972, a physician, specializing in immunology and allergies made a preliminary diagnosis on April 11, 1973, that exposure to abiruana wood had caused chronic obstruction pulmonary disease. At that time the physician told Smith not to return to his employment because of the presence of abiruana wood dust. He was placed on sick leave April 12, 1973, and did not return to employment at the plant after that time. From May 22 to May 25, 1973, Smith underwent extensive testing that showed loss of lung tissue as a result of the exposure he suffered and hence partial permanent disability.
In the interim between the first exposure (September 1972) and first diagnosis (April 11, 1973), the company changed ownership. Until March 16, 1973, the plant was owned by Consolidated Furniture Industries, a division of Magnavox, whose insurance carrier was Travelers. After that date the company was owned by The Singer Company whose insurance carrier was Liberty Mutual.

I.

TIME OF DISABILITY DETERMINATION
The full Commission found that Smith suffered an "accidental injury or disease" on September 1, 1972. They then awarded total temporary disability for intermittent periods between September 1972 and May 1973. The permanent partial disability was awarded as of May 16, 1973, which was found to be the date of maximum medical recovery. The circuit court agreed that the injury or disease was incurred on September 1, 1972, and that as a result Smith was intermittently totally temporarily disabled until May 16, 1973, the date of maximum medical recovery. There is substantial evidence in the record to support September 1 as the date the disease was incurred and the beginning point of resultant disability. Therefore, the findings as to time of injury and resultant disability are affirmed.
The circuit court found specifically that total temporary disability should have been awarded for two weeks in September, November 8-10, November 13, 1972; and January *592 22-February 6, March 8, 1973, April 3-6, and April 11-May 16, 1973. We agree since the employer's sick record reflects Smith was sick on those dates. Smith's testimony was that the sickness was due to dust exposure, and there was no contradictory testimony.

AMOUNT OF DISABILITY DETERMINATION
The Commission and the circuit court differed in computing the average weekly wage of the claimant. Mississippi Code Annotated section 71-3-31 (1972) specifies that the wage shall be computed based upon the earnings for the fifty-two weeks prior to the date of injury. The date of injury and resulting disability as determined by the Commission and concurred in by the circuit court was September 1, 1972. The average weekly wage should be computed based upon the earnings of claimant in the fifty-two weeks prior to September 1, 1972. The only evidence with regard to wages was the wage statement form of the Commission. Utilizing that and the computations directed by Mississippi Code Annotated section 71-3-31 (1972), we find that the calculations were erroneous.
The statute specifies that: (1) the employee's earnings for the fifty-two weeks immediately preceding the date of injury should be totaled; (2) where, as here, the employee has lost more than seven days during that period, the earnings during the fifty-two weeks should be divided by the number of weeks remaining after the time lost is deducted. Applying that to the instant case, September 1, 1972, the date of injury and resulting disability is the beginning point. Since it would be impractical to begin counting in the middle of a weekly pay period, the last day of the work week immediately preceding the date of injury, here, the week ending August 27, 1972 is the first week. With that weekly wage as the first of the fifty-two, the calculation should go back fifty-two weeks. Here the fifty-second week would be the week ending September 5, 1971. The sum of wages during that period should then be calculated.
Since there was error in determining the average weekly wage, there is inherent error in the amount of disability compensation awarded, and the Commission should redetermine the average weekly wage with correction of any resulting effect on the amount of disability compensation.

II.

LIABILITY OF EMPLOYER ON DISABILITY CLAIM
The circuit court, while agreeing that the injury or disease was incurred on September 1, 1972 and that maximum medical recovery was reached on May 16, 1973, nevertheless held Magnavox liable for all awards up to March 16, and Singer liable for all awards thereafter.
This "apportionment" of damages between successive carriers was apparently done on the theory that Magnavox and its insurer would have been liable had a claim been filed prior to the transfer of the company, thus they should be liable for all claims to that time. Conversely, applying the "last injurious exposure rule" the circuit court found Singer liable for all claims, including partial permanent disability, arising after March 16, the transfer date of ownership from Magnavox to Singer.
Such an "apportionment" cannot stand. Our statutes make no provision for apportionment of awards except in the case of preexisting handicap or disease. Here, the apportionment involved is between successive employers or insurers. In Thyer Mortgage Company v. Mooney, 252 Miss. 629, 173 So.2d 652 (1965), we held that the apportionment provision of our statute refers only "to the amount of compensation to which the injured employee will be entitled, not to how the payments of the compensation will be apportioned among those liable." (252 Miss. at 639, 173 So.2d at 656). We went on to point out in that opinion that the Workmen's Compensation Commission is an administrative agency, not a court of law and that there is no method provided by law by which it may adjust equities *593 between insurance companies. The wisdom of such a decision is apparent here where the central conflict is between the two insurance companies rather than between claimant and employer. Absent statutory provisions, the resolution of contribution between successive carriers whether based on contract or equity should be resolved in an action at law or equity, apart from the workmen's compensation determination.
Magnavox argues that the last injurious exposure rule should be applied to hold Singer totally liable since the "last exposure" was the period March 16 to April 11, during which Singer owned the plant. In the alternative, Magnavox argues that the rule to be applied where occupational disease is involved is that liability is determined as of the date the disability manifests itself, and that since the disease was not diagnosed until April 11, that is the date liability should attach.
The "last injurious exposure rule" as set forth by Larson, Workmen's Compensation Law § 95 (1978) is:
When a disability develops gradually, or when it comes as the result of a succession of accidents, the insurance carrier covering the risk at the time of the most recent injury or exposure bearing a causal relation to the disability is usually liable for the entire compensation.
It is not necessary at this time to rule on the application of the rule in this state, since the facts do not present such a situation. The purpose or justification for such a rule is to set a definite and certain time for liability to attach and thus avoid the often difficult task of determining which of a series of injuries caused the disability or which of a series of exposures caused the disabling disease. In the absence of difficulty in locating a definite and certain time, the rule has no application.
In the present case, the Workmen's Compensation Commission determined that Smith was disabled on September 1, 1972, the date of initial exposure to the abiruana wood dust. The circuit court concurred in that finding, and the medical history and testimony in the cause substantially supports this determination. Central Electric & Machinery Co. v. Shelton, 220 So.2d 320 (Miss. 1969). It is clear on the facts that the disease and resulting disability had manifested itself prior to the change of ownership of the factory and the degree of injury did not change.
We also reject Magnavox's argument that liability should attach as of the date the disease was diagnosed. In many cases a person can be totally and helplessly disabled before a correct diagnosis can be obtained. Such a rule would totally defeat the purpose of the workmen's compensation statutes. See Pepsi Cola Bottling Company of Tupelo, Inc., and Federated Mutual Insurance of Atlanta v. Long, 362 So.2d 182 (No. 50,408, Miss. July 26, 1978).
Magnavox further urges that there was a preexisting disease (asthma) for which apportionment should have been granted. However, the record taken as a whole substantially supports the Commission's finding adverse to Magnavox on this issue.
We have also carefully considered Magnavox's claim that statutory penalties provided for in Mississippi Code Annotated section 71-3-37 (1972) should not be imposed, but find this contention to be without merit.
That part of the order of the Commission finding Magnavox liable on the claim and dismissing Singer is reinstated.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED TO THE COMMISSION FOR DETERMINATION OF AMOUNT OF PERMANENT PARTIAL DISABILITY AWARD.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, BROOM, LEE, BOWLING and COFER, JJ., concur.