HARRY ATAMIAN's (dependent's) CASE.

Worcester.    September 26, 1928. — October 9, 1928.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Workmen's Compensation Act*, Injuries to which act applies, Proximate cause, Time of injury, Amount of compensation.  *Proximate Cause.*

If, at the hearing of a claim by a dependent of an employee under the workmen's compensation act, it appears that a surgeon, justifiably operating upon the employee primarily for the radical cure of a hernia which was an injury received in the course of and arising out of the employment, as incidental to that operation removed an appendix, which he found to be diseased, that as a result of the operation a clot of blood formed and caused the employee's death, and that the formation of the clot was not due to faulty surgery but could not be prevented and was one of the complications that may follow surgical operations and are attendant upon them, a finding is warranted that the death was properly chargeable to the injury as its cause, and a decree awarding compensation to the employee's dependent is proper.

The propriety of the above described finding and decree is not affected by the fact that before the operation the employee complained of his appendix and expressed the wish that his appendix be removed in connection with the operation for hernia.

It appearing that an operation was proper treatment for curing or improving the condition of the employee, and the surgeon in performing the operation having done only those things which were incident to such an operation in the practice of surgery, the employee's dependent ought not to be deprived of compensation even if he was unable to prove whether the blood clot causing the death arose from the part of the operation repairing the hernia or from the part which was incidental to that operation.

In the case above described, there was no finding as to the exact date when the hernia was produced, and it was *held*, that the Industrial Accident Board was justified in taking the date when the hernia caused the employee to give up work as the date of the injury, from which date, no payments having been made to the employee, payments to the dependent properly were ordered to begin.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation to the widow of Harry Atamian, who, while in the employ of American Schaeffer and Budenberg Corporation, received personal injuries on May 20, 1927, which were alleged to have been the cause of his death, which occurred on June 18, 1927, following an operation.

In the Superior Court, the case was heard by *Gray*, J., by whose order a final decree was entered awarding compensation for a period of four hundred weeks beginning May 20, 1927. The insurer appealed.

The case was submitted on briefs.

*J. W. Cronin & W. Doyle*, for the insurer.

*H. R. Sher*, for the claimant.

SANDERSON, J. This is an appeal by the insurer from a decree ordering compensation to the widow of Harry Atamian, in a stated sum per week, for four hundred weeks from May 20, 1927. The evidence justified the finding of the single member of the Industrial Accident Board that the deceased suffered from hernias which came as the result of the heavy work which he was doing for his employer, and that the work was the final and probably the sole proximate cause of the hernias; that he ceased work on or about May 20,

1927, because of pain and discomfort caused by the hernias, and that the injury was received in the course of and arose out of his employment. He was examined by doctors at the request of the insurer, and both advised against an operation. He then sought a physician of his own choice who advised that the indicated cure for his hernias was an operation. The surgeon testified that operation is the best thing to remove the possibility of strangulation and helps efficiency. The single member found that the surgeon performed the operation primarily for the radical cure of the hernias and that while repairing them he also removed the appendix alleged to be in a diseased condition. Following the operation and as a consequential result of it a blood clot formed, causing death. He further found that there was no testimony that the clot was due to faulty surgery, but that it was a happening that could not be prevented, such as one of the complications that may follow surgical operations and is attendant upon them; that so doubtful is its cause that in the case in question it cannot be determined whether the blood clot was a result of the removal of the hernias or of the appendix. He found that the removal of the appendix was incidental to the operation to cure the hernias and for that reason he was of opinion that it was immaterial to any phase of the case to attempt to make a finding to what particular surgery the blood clot was due. He found that the employee's death was properly chargeable to the results of his injury and awarded compensation. The board affirmed the finding of the single member.

There was evidence to support the finding that the hernias arose out of and in the course of the employment, and it is not contended that the employee was not justified in undergoing the operation for the hernias; nor is it contended that the dependent would not be entitled to compensation if death was the direct result of the operation for the hernias and not of any other condition. See *Floccher's Case*, 221 Mass. 54, 55; *Snooks's Case*, 264 Mass. 92.

The question to be decided is whether the board was justified in finding a causal connection between the injury and the death.

The facts that the operation was not primarily for appendicitis, but for the hernias, and that the removal of the diseased appendix was an incident of that operation, distinguish the case at bar from *Upham's Case*, 245 Mass. 31, in which it appeared that the sole cause for operating was the appendicitis. The court held that this constituted a new and intervening cause wholly independent of and without any relation to the injury. When an operation is justified as part of the treatment for an injury arising out of and in the course of the employment and the employee has not been negligent in selecting the surgeon for the operation, his dependents will not be denied compensation if death results from faulty or negligent surgery. *Burns's Case*, 218 Mass. 8, 11. See *Gray* v. *Boston Elevated Railway*, 215 Mass. 143, 147; *Vatalaro* v. *Thomas*, 262 Mass. 383, 386, 387. In this case no malpractice or faulty surgery was found.

When an operation is proper treatment for curing or improving the condition of the employee, and the surgeon in performing the operation does only those things which are incident to such an operation in the practice of surgery, the dependents ought not to be deprived of compensation even if they are unable to prove whether the blood clot causing the death arose from the part of the operation repairing the hernias or from the part which was incidental to that operation. The requirement of such proof would be a refinement of reasoning which would put too great a burden upon the employee's dependent for the practical administration of the workmen's compensation act. It would tend to impede rather than promote the purpose of the statute. Upon the facts found the conclusion, that the causal connection between the injury and death was not broken by the intervention of an intermediate agency and that death resulted from an injury received in and arising out of the course of his employment, was justified. *Sponatski's Case*, 220 Mass. 526, 531. This we interpret the finding of the single member to mean. The fact that the employee complained of his appendix and expressed the wish that his appendix be removed in connection with the operation for hernia does not affect the claimant's rights upon the facts found.

When no payments have been made to the employee, payments to the dependents run from the date of the injury. G. L. c. 152, § 31.   St. 1927, c. 309, § 6.   *Cripps's Case,* 216 Mass. 586.   There is nothing inconsistent with this conclusion in *Burns's Case, supra,* page 13, or in *Cherbury's Case,* 251 Mass. 397.   There is no finding as to the exact date when any of the hernias were produced, and in that situation the board was justified in taking the date when the hernias caused the employee to give up work as the date of the injury.   The hernias occurred at least as early as that date.

*Decree affirmed.*