**PHILLIPS PETROLEUM CO. et al. v. MALCOLM et al.**

No. 26331.   Jan. 21 1936.

R. G. McKinney and E. L. Routh, for petitioners.

A. P. Murrah, Luther Bohanon, and J. I. Gibson, for respondent Malcolm.

PHELPS, J. The claimant in the State Industrial Commission (respondent here) began working in the oil fields for the respondent (petitioner in this court) on Jan-

uary 15, 1933. On June 16, 1933, while working in a tool house, he sustained a head injury. Although the injury did not seem serious at the time, he later developed severe headaches, nervousness, and symptoms of epilepsy. Notwithstanding the injury, which apparently was of the progressive type, he continued working until March 1, 1934, when his increasing disability prevented his working further.

After four or five hearings, the State Industrial Commission entered its order finding that claimant had been temporarily totally disabled since March 6, 1934, that his average monthly wages at that time were $100 per month, and directing the employer to pay compensation to claimant on that basis during the continuance of said temporary total disability or until otherwise ordered by the Commission, to furnish claimant necessary and proper medical treatment, and to pay any reasonable and necessary medical expenses incurred by the claimant by reason of the injury.

In this original action by the employer to review said award, it first contends that the finding that the claimant's average wages were $100 per month is not supported by competent evidence. The claimant testified that his wages were in the neighborhood of $100 per month at the time of the injury, and the employer itself introduced in evidence the time sheets showing the claimant's wages from March, 1933, to March, 1934. That particular 12-months wages amounted to $1,195.55, lacking $4.45 of being $1,200, which would be $100 per month. It is true that from June, 1933, on to and including February of 1934 was a period of time subsequent to the actual accident. Nevertheless it was prior to the actual disability resulting from that accident. This evidence was offered by the employer itself, and it was competent for the purpose of arriving at the real object of the inquiry, viz., claimant's actual earning capacity. Where there is an accident which does not incapacitate at the time it is received, but results in incapacity at some later date by reason of its progressive nature, it is proper to consider the earnings of the claimant between the date the accident was actually received and the date upon which it resulted in disability.

Section 13355, O. S. 1931, prescribes several methods, according to varying circumstances, by which to compute wages as basis for compensation. Paragraph 1 of that section applies where the injured employee has worked during substantially the whole year immediately preceding his injury, in the employment at which he was working at the time of the accident. The date of the "injury," where the accident does not incapacitate at the time but later results in incapacity is the date when the injured employee actually becomes disabled. Such was the holding in Swift & Co. v. State Industrial Comm., 161 Okla. 132, 17 P. (2d) 435. Under that rule, the employer having furnished evidence of the claimant's actual earnings for twelve months immediately preceding March of 1934 (date the claimant had to quit work), and that evidence showing that $100 per month was approximately the wages of plaintiff, we are not disposed to disturb the award in this respect.

The petitioner's next proposition is a general attack upon the sufficiency of the evidence to sustain the finding that the claimant was temporarily totally disabled when the commission made its award. One of the arguments advanced by petitioner is that, since the experts testifying for claimant contradicted each other, or were inconsistent in their testimony, the whole of claimant's evidence was incompetent and insufficient to sustain the finding. It is not necessary to the maintenance of a cause of action in any court or before any board that each of a party's witnesses must agree with all of the others. Such a rule has never been promulgated in any court.

There were four or five hearings in this case, covering a period of time from October, 1934, to January, 1935. At the last hearing in January of 1935, a physician testified on behalf of the employer that claimant was no longer suffering from physical disability. This evidence was not contradicted at that particular hearing, but had been abundantly contradicted by the opposing testimony of physicians testifying for claimant at all of the previous hearings. Petitioner argues that because of the fact that the evidence at the last hearing, to the effect that claimant had recovered, was not contradicted at that particular hearing the award should be vacated. We do not agree. Hearings by the Industrial Commission often consume five or six months and are continued from time to time, for further hearings in different parts of the state where the evidence may be reached more conveniently.

To announce the principle urged by peti-

tioner would result in a situation wherein the commission would either be bound by the testimony taken at the last hearing, or would require a repetition of all the evidence previously taken at every hearing. The case of Southern Drilling Co. v. Daley, 166 Okla. 33, 25 P. (2d) 1082, cited by petitioner, is not in point. In that case the appeal was from an award made on the issue of whether a change in condition had taken place. It was held that, since the only evidence before the commission on this particular issue was that the claimant was not suffering a disability, the evidence taken in behalf of claimant some two or three years prior to the hearing in question was not evidence of the claimant's condition at the time of the later hearing. Both the fact distinction and legal distinction between the cases are sufficiently apparent to render unnecessary any further discussion here. In fact, the entire argument under this proposition appears to be such an argument as properly should and probably was made to the commission itself, concerning relative credibility of witnesses. We have often stated that we will not weigh the conflicting evidence given before the State Industrial Commission to determine the propriety of its award, but will merely search the record to learn if there is any competent evidence to sustain it. It is sufficient for the purposes hereof to observe that the record abounds with evidence competent and sufficient to sustain the finding. It is not for us to say which set of witnesses the commission should have believed, else we would wrongfully place ourselves in the position of triers of the facts.

The petitioner's third proposition is that the employer or insurance carrier is not liable for medical expenses incurred by the employee, where the employee fails to request that such treatment be furnished by employer, where there is no emergency. The cases cited by petitioner supporting this principle do announce that as the correct rule of law, but their lack of application to the instant case is revealed by the following excerpt from the claimant's testimony, revealing that such request was in fact made:

"Q. When was that? A. I believe it was the 16th of March. Q. Had you been to Doctor Love at that time? A. Yes, I had been up there and got some medicine for my head a couple of weeks ago and Mr. Wallace came in in a day or two and I called Doctor Love and he sent out Doctor Daley. He gave me some medicine and I believe Mr. Wallace came in the next day and I asked who their doctor was and he said it did not amount to a ____ who their doctor was. * * * Q. When you first called Doctor Love, did you make a request of Mr. Conwell or Mr. Wallace, your employers or immediate supervisors, for medical attention? A. When Mr. Wallace was sitting right beside my bed, I asked him and he said he was on 29th street, and whoever he was he did not amount to a ____."

Petitioner further complains because the commission refused to require one of claimant's physicians to take another X-ray picture of claimant's head, as a picture formerly taken by him had been lost from the files of the Industrial Commission. That physician testified in favor of claimant at the first hearing, using the X-ray picture as the basis of his testimony, which picture was later lost. At that hearing the employer's attorneys and physicians had ample opportunity of inspection of the picture, and cross-examined the doctor on the basis thereof. It is therefore difficult to conceive how the rights of the petitioner were substantially affected by the commission's failure to require this particular physician to take another X-ray. The petitioner was afforded every opportunity, and exercised that opportunity, to take as many X-ray pictures of the claimant as it desired. The loss of this particular picture is not attributed to claimant, and there is no showing in the record, or in the briefs, of any reason why the commission should necessarily have requested this particular physician to take another X-ray picture,—nor does the petitioner cite any authority to support this contention.

The award is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and RILEY and BUSBY, JJ., concur.