CLIFFORD W. DEHRON
vs.
HARRY M. CLARK, ET AL.
(Appeal from Compensation Commissioner)

Superior Court        Fairfield County         File #51042

Present:   Hon. EDWARD J. QUINLAN, Judge.

David Goldstein,                Attorney for the Plaintiff.

Campion & Watrous,              Attorneys for the Defendant.

 

**MEMORANDUM FILED DECEMBER 1, 1936.** 122 Conn. 592

QUINLAN, J. Briefly it appears here that the claimant sustained a hernia. Upon the advice of his physician it was deemed operative. It was a right inguinal hernia. In the course of the operation and as an incident thereto the appendix was removed and there appearing a potential weakness on the left side which would develop into a hernia the ring on the left side was made strong. The muscle was brought through with Poupart's ligament and strengthened. Almost immediately after the operation a psychosis developed and the claimant is now confined in the State Hospital at Middletown. The Commissioner concluded that the injury arose out of and in the course of claimant's employment; that incapacity followed within one week, in that claimant was unable to do his regular work after the accident and that the psychosis which is causing his present incapacity resulted from the operation for the repair of said right inguinal hernia and was a direct result of the accident.

The question to be decided is whether the Commissioner was justified in finding the causal connection between the injury and the psychosis. The operation was primarily for the right inguinal hernia. It has been held that "when an operation is justified as part of the treatment for an injury arising out of and in the course of the employment and the employee has not been negligent in selecting the surgeon for the operation, his dependents will not be denied compensation if death results from faulty or negligent surgery".

**Burns' Case, 218 Mass. 8 at 11.**

**Atamians' Case, 265 Mass. 12 at 15.**

In that case the appendix was also removed. There seems to be little distinction between allowing compensation where

death is a result under those conditions from one where a psychosis results rather than death. In Atamians' case, supra, it was held that the dependents ought not to be denied compensation even if they are unable to prove whether the blood clot causing the death arose from the part of the operation repairing the hernias or from the part which was incidental to that operation.

The evidence supports Paragraph "9" of the Finding, to wit: As foreman for the respondent employer it was part of his duty to "lay out" the work the plumbers were to do on certain jobs, but in addition he also did actual plumbing work, involving heavy lifting at various times. Following the accident, the claimant was directed by his employer to do no more heavy work, and from that time on he did only supervisory work and light jobbing, and was accompanied by a helper at all times. The respondent asked to have that paragraph corrected by adding: "Following the accident the claimant continued to do his regular work until November 16, 1935". This request is denied. I cannot find that the conclusion stated in Paragraph "11" violates "any principal of law, or the rules of logic or reason, or is it contrary or inconsequent with the subordinate facts in the Finding". Consequently there was no error in paragraphs "3", "4", and "5" of the Reasons of Appeal complained of, which centered about the question of whether or not the psychosis was the result of the operation of the right inguinal hernia.

Judgment may therefore be entered affirming the finding and award of the Compensation Commissioner.