**Marvin C. BOWLING, Petitioner,**

v.

**BLACKWELL ZINC COMPANY, Incorporated Own Risk and The State Industrial Court, Respondents.**

No. 39124.

Supreme Court of Oklahoma.

Dec. 13, 1960.

James Duley, Ponca City, for petitioner.

Felix Duvall, Ponca City, Mac Q. Williamson, Atty. Gen., for respondents.

JACKSON, Justice.

The back injury for which claimant, Marvin C. Bowling, seeks recovery, occurred on February 26th or 27th, 1953, while he was working for respondent, Blackwell Zinc Company, Inc. He was paid two weeks temporary compensation at $25 per week, was provided medical services and braces for his back and returned to work. Claimant's back continued to give him trouble and in 1958 and 1959 hearings were conducted in the Industrial Court to determine the extent of permanent partial disability and for compensation. At that hearing, respondent submitted the report of Dr. L. W. G., dated December 1, 1958, in which he concluded that claimant had a disability to the body as a whole of

ten per cent. Claimant submitted the report of Dr. R. dated December 9, 1958, in which he concluded that claimant's back injury "would be responsible for 40% partial permanent disability to the body as a whole for ordinary manual labor." The trial court found that the injury arose out of and in the course of claimant's employment, but also found that no medical treatment was furnished by respondent after March 26, 1953, and that since claimant took no action toward prosecuting the claim until August 14, 1958, the claim was barred by the five-year statute of limitations (85 O.S.1957, Supp., § 43). No finding was made on the issue of claimant's permanent partial disability. The claim was brought to this court for review, Bowling v. Blackwell Zinc Company, Inc., Okl., 347 P.2d 1022, and we held that there was undisputed evidence that respondent had furnished claimant medical treatment within five years of the date of the hearing and remanded the case for further proceedings.

Thereafter, on January 14, 1960, claimant filed a motion in the Industrial Court requesting that court to hear and determine the extent of claimant's disability, and for all other relief to which he might be entitled under the evidence. On February 17, 1960, a second hearing was conducted by the Industrial Court. At this hearing claimant submitted a current report of Dr. C. A. G. in which he concluded that claimant "sustained a 40% permanent partial disability of the body as a whole by virtue of the injury of February 26, 1953". Respondent presented no additional medical evidence at this hearing, but stated that "We introduce all evidence heretofore taken, as part of this record".

At the conclusion of that hearing, and on March 29, 1960, the Industrial Court made an order finding that claimant sustained an accidental personal injury, arising out of and in the course of his employment on February 27, 1953, consisting of a strain to his back; that claimant had been furnished a belt and other medical treatment within five years of the hearing, but that "claimant had sustained no permanent partial disability to his back or body from his accident of February 27, 1953," and denied compensation.

In a single proposition for review of the last above-mentioned order, claimant asserts that said order is contrary to and in direct conflict with the law and the uncontroverted evidence in the record. He prays that this court not merely vacate the order for further proceedings, but that this court direct the Industrial Court to enter an award of forty per cent permanent partial disability to the body as a whole, and to assess against the respondent the increasing and unnecessary costs incurred by claimant.

In argument claimant states that the record conclusively and undisputably proves that he is entitled to an award of forty per cent permanent partial disability to the body as a whole, and that this court should enter such an award for him or direct the Industrial Court to make such an award. Claimant reaches this result by first contending that the report of Dr. L. W. G. (respondent's doctor) dated December 1, 1958, wherein Dr. L. W. G. fixed the amount of claimant's permanent partial disability at ten per cent to the body as a whole, is not competent evidence. He argues that a claimant's physical condition is subject to change and that claimant's physical condition in February, 1960, cannot properly be determined by medical examinations made on or prior to December 1, 1958, citing Southern Drilling Co. et al. v. Daley et al., 166 Okl. 33, 25 P.2d 1082, and Ross et al. v. Ross et al., 184 Okl. 626, 89 P.2d 338. We do not find these cases to be decisive.

In Southern Drilling Co., supra, two hearings were conducted by the Industrial Court. At the first hearing in January, 1932, employer's doctors were of the opinion that claimant had sustained from ten to fifteen per cent permanent partial disability. Claimant's doctor estimated claimant's permanent partial disability at fifty per cent. The Industrial Court, instead of making an award for permanent partial

disability, ordered that temporary total disability compensation be continued until the further order of that court. At the second hearing in January, 1933, two of employer's doctors (both of whom had testified at the first hearing) were of the opinion, based upon new examination and further observation, that claimant did not have any permanent disability, and a third doctor was of the opinion that claimant would not have any permanent disability if he would do light work for a period of three months. Claimant did not introduce any medical evidence at the hearing in 1933, but relied upon the testimony of his doctor introduced at the first hearing.

Following the second hearing, the Commission found that claimant's temporary total disability had ended in December, 1932, and awarded claimant compensation for permanent partial disability. On review, this court held that there was no competent medical evidence to support the award.

In the body of the opinion we said:

"From the foregoing it is apparent that the evidence given in the present case at the first hearing, if passed upon by the commission and rejected as insufficient to prove a permanent condition, is not competent evidence to prove such condition thereafter. On the other hand, if it be considered that the commission adjudicated only the temporary condition and suspended its action on the permanent, as it may do under our law (Reinhart & Donovan v. Roberts, 157 Okla. 102, 11 P.(2d) 125, such evidence may then be given the same weight as evidence presented at a series of hearings preparatory to the making of an award." [166 Okl. 33, 25 P.2d 1085.]

From our review of Southern Drilling Co., supra, we think it is clear that the court vacated the order of permanent partial disability for two reasons: First, the evidence indicated that claimant had undergone a change of condition between the two hearings, and second, the Industrial Court had adjudicated and rejected all medical testimony given at the first hearing, and it therefore could not be reconsidered at the second hearing.

In the instant case the Industrial Court did not adjudicate the medical evidence given at the first hearing, but found that it did not have jurisdiction to consider the claim because of limitations. Furthermore, we observe no evidence of change of condition in claimant's condition between the two hearings. Claimant's doctors at both hearings estimated the permanent partial disability at forty per cent to the body as a whole.

In Ross et al. v. Ross et al., supra, cited by claimant, we held that there is no presumption that *temporary* total disability will continue indefinitely, and that evidence that claimant was temporarily totally disabled as of a given date would not support an award for temporary total made ten months later covering the intervening period, citing Smith et al. v. Zweifel, 176 Okl. 113, 54 P.2d 649.

In Phillips Petroleum Co. v. Malcolm, 175 Okl. 512, 53 P.2d 1113, we held that a compensation award would not be vacated because medical testimony that claimant was no longer disabled was not contradicted at a particular hearing where it had been abundantly contradicted at previous hearings. At pages 1114–1115 of our opinion in the Pacific Reporter, we said:

"Hearings by the Industrial Commission often consume five or six months and are continued from time to time for further hearings in different parts of the state where the evidence may be reached more conveniently.

"To announce the principle urged by petitioner would result in a situation wherein the commission would either be bound by the testimony taken at the last hearing, or would require a repetition of all the evidence previously taken at every hearing. The case of Southern Drilling Co. v. Daley, 166 Okl. 33, 25 P.(2d) 1082, cited by petitioner, is not in point. * * *."

To the same effect, Luper Transportation Co. v. Bramlett, Okl., 282 P.2d 732.

Since the medical evidence introduced in this case does not indicate a change of condition, and the record does not disclose that the Industrial Court considered the medical evidence given at the first hearing, we must conclude that the medical report of Dr. L. W. G. (for the respondent) dated December 1, 1958, is competent evidence and appropriate for consideration in connection with the extent of claimant's permanent partial disability.

▉▉ We hold that, generally, evidence relating to the issue of permanent disability which has been introduced at prior hearings is competent and probative of that issue at subsequent hearings, where there has been no final adjudication thereon and there is no indication of a change in the condition of claimant during the intervening period. It was proper for the trial court in the instant case to consider all evidence in the record relating to the issue of permanent disability of claimant.

In reviewing the evidence in this case on that issue, as previously stated, claimant introduced at the second hearing the report of Dr. C. A. G. that claimant was forty per cent disabled to the body as a whole. At the prior hearing, claimant introduced the report of Dr. R., who diagnosed claimant's condition as an old compression fracture of the body of lumbar vertebra 2, and stated that claimant was forty per cent disabled to the body as a whole. The only other medical evidence in the record was the report of Dr. L. W. G., which was introduced by respondent at the first hearing. His diagnosis, finally submitted, was as follows:

"Final diagnoses:

"1. Fracture, compression, of the body of L. 2 vertebra, old, well healed.

"2. Osteoarthritis of the lumbar spine, moderate degree.

"Permanent and Total Disability to the body as a whole: 10% (ten per cent)."

▉ We have repeatedly held that findings and orders of the State Industrial Court will be vacated when not supported by competent evidence. In Largent v. Perry Construction Co., Okl., 316 P.2d 852, 853, we held, in the syllabus:

"The finding of the State Industrial Commission that claimant sustained no disability as a result of an accidental injury * * * will be vacated on review where there is no evidence reasonably tending to sustain such finding and order."

In Monday v. Concho Sand & Gravel Company, Okl., 332 P.2d 965, we vacated an award for twenty-five per cent disability where the medical evidence consisted of the testimony of one doctor that claimant's disability was thirty-five per cent and two other doctors fixed his disability at one-hundred per cent, as not warranted by the evidence.

We conclude that the order appealed from, finding that claimant sustained no permanent partial disability to his back or body as a result of the alleged injury, is not supported by competent evidence.

At the second hearing respondent's counsel expressly waived further medical examination of claimant and rested after introducing all prior evidence.

No authorities have been cited in connection with claimant's request that we "assess against the respondent the increasing and unnecessary costs incurred by claimant", and we will therefore not give consideration to this request.

The order is vacated with directions to afford both parties a full opportunity to present additional evidence as to the extent of claimant's permanent disability to the body as a whole from the back injury and if no additional evidence is presented then to make a finding and enter an order as to claimant's permanent partial disability warranted by the medical evidence in the record.