362 So.2d 182 (1978)
PEPSI COLA BOTTLING COMPANY OF TUPELO, INC., and Federated Mutual Insurance of Atlanta
v.
Woodrow Wilson LONG.
No. 50408.
Supreme Court of Mississippi.
July 26, 1978.
As Modified On Denial of Rehearing August 23, 1978.
*183 Daniel, Coker, Horton, Bell & Dukes, Roger C. Clapp, Jackson, for appellants.
Parker, Averill, Funderburk & Butts, Paul S. Funderburk, Tupelo, for appellee.
Before PATTERSON, LEE and BOWLING, JJ.
PATTERSON, Chief Justice, for the Court:
This is a workmen's compensation appeal by the employer, Pepsi Cola Bottling Company of Tupelo, Inc. and the carrier, Federated Mutual Insurance of Atlanta, from a judgment of the Circuit Court of the First Judicial District of Chickasaw County.
At the time of an alleged accident on March 9, 1972, Woodrow Wilson Long, the claimant, worked for Pepsi Cola Bottling Company of Tupelo, Inc. as a route salesman. On that day he hurriedly jumped into his truck, striking his head against the cab door. He testified that something popped in his neck and later became sore and that ever since he has suffered neck pain. He reported the accident to his employer but never received compensation benefits.[1]
Dr. Eugene M. Murphrey examined claimant on June 6, 1972, for complaints of head, neck and shoulder pain. X-rays indicated a narrowed disc space with some hypertrophic osteoarthritic changes in the cervical spine. Dr. Murphrey referred claimant to Dr. Forrest T. Tutor. Correspondence from Dr. Tutor dated June 16, 1972, indicated the patient's symptoms did not coincide with the location of the narrowed disc, no nerve root irritation was found, and the patient was assured nothing was wrong with his neck. Dr. Tutor prescribed a muscle relaxant and instructed him to report if there was no improvement.
Claimant suffered a sprained back in August 1972 and received compensation for this injury which did not affect the alleged neck injury. Although he saw Dr. Murphrey subsequent to June 6, 1972, these *184 visitations were not related to the neck injury.
Long testified that while driving the company truck in September 1974, he nearly experienced blackouts and had to stop on the side of the road. He nevertheless continued his work until September 8, 1974.
Dr. James T. Robertson, a neurologist, who first saw the claimant on October 4, 1974, diagnosed a sub-acute cervical disc syndrome, hospitalized him and later after more intense examination discovered cervical spondylosis or deterioration of a cervical disc. He testified the cause of the pain was one of two things, either a previous deterioration of the disc aggravated by an injury or the accident was the primary cause. Further, he stated maximum medical recovery had not been obtained and he was inclined to believe Long was disabled because of the painful nature of his neck. Dr. Robertson advised surgery if claimant failed to respond to conservative treatment.
In December 1974 claimant filed a motion to controvert which was answered and the cause was heard by an administrative judge who dismissed it for lack of jurisdiction because of failure to file for compensation benefits within two years of the accident on March 9, 1972. [Miss. Code Ann. § 71-3-35 (1972)]. Claimant appealed to the full commission, which affirmed the earlier decision and then appealed to the Circuit Court of the First Judicial District of Chickasaw County which reversed the commission's order. In its opinion the trial court found claimant "acted as a reasonable and prudent person concerning his injury and that the injury caused a progressive deterioration of a disc which was not disabling until about 8th day of September 1974."
Appellants assign as error that the trial court erred in (1) reversing the commission's order dismissing the cause for lack of jurisdiction, (2) reversing the commission's finding of fact which was based on substantial evidence, and (3) ordering that September 8, 1974, was the date of injury and that the average weekly wage for the fifty-two weeks preceding this date be used to determine disability benefits.
As to appellants' first contention, we agree with the trial court that claimant was not barred by the statute of limitations. Mississippi Code Annotated section 71-3-35 (1972), provides that if no payment for compensation is made other than medical treatment or burial expense, and no application for benefits is filed within two years from the date of the injury or death, the right of compensation shall be barred. Our decisions of Struthers Wells-Gulfport, Inc. v. Bradford, 304 So.2d 645 (Miss. 1974), and Tabor Motor Co. v. Garrard, 233 So.2d 811 (Miss. 1970), have interpreted this statute relative to latent compensable injuries.
In Tabor, supra, the claimant, a garage foreman, was hurt on October 7, 1964, by a piece of slag which fell from his cutting torch. The company physicians who treated him did not regard his injury to be serious. Although he saw another physician within the month, he was discharged from medical care as cured on October 26, 1964. Claimant had recurring physical problems, but it was not until March 14, 1966, during surgery, that a piece of slag was discovered in his ear which the physician testified was the source of his physical problems. Claimant quit work on November 15, 1966, and applied for workmen's compensation benefits on April 4, 1967, which was more than two years from the date of the accident. We held in pertinent part:
... In short, the two-year limitation statute does not begin to run until by reasonable care and diligence it is discoverable and apparent that a compensable injury has been sustained. 2 Larson, Workmen's Compensation Law, § 78.41 (1969).
(233 So.2d at 814)
In Struthers, supra, the claimant suffered an insect bite while at work on December 2, 1968. A doctor determined it was a poisonous bite and at least one brown recluse spider was found on the premises. Claimant suffered recurrent medical problems and eventually developed an infected blood vessel. Her employer through its insurance *185 carrier paid all medical bills prior to June 1970. In December 1971, more than three years from the time of the insect bite, claimant filed a motion to controvert their refusal to pay her later medical bills. We held it was virtually impossible in December 1968 for the claimant to know the bite, not compensable then, would later develop into a disabling injury. We stated that the word "injury" in the two-year statute referred to a compensable injury from which incapacity and its extent could reasonably be ascertained by medical evidence and upheld the Tabor case finding that the statute of limitations did not bar claimant's recovery.
Presently, claimant was assured in 1972 there were no problems with his neck and it was not until 1974 that he learned of his true condition. In our opinion it was virtually impossible for him to know at the time of the apparently minor accident, then noncompensable, that it would develop into a compensable injury. We are of the opinion the claimant acted with reasonable care and diligence in pursuing compensation for his injury and that the Tabor and Struthers cases are applicable. Therefore, we affirm the trial court on this assignment of error.
It is next urged by the appellants that the trial court erred in reversing the commission's finding of fact which they contend was based on substantial evidence. We are of the opinion, as was the trial judge, that the evidence was preponderant that claimant did receive a compensable injury while about his employment which resulted from striking his head upon the cab of his truck. Moreover, there is no medical testimony to the contrary. We conclude this assignment of error is without merit.
Lastly, appellants seek reversal of the date to be utilized in determining the average weekly wage from which compensation is computed. The trial court established September 8, 1974, as the time from which to calculate the average weekly wage for the fifty-two preceding weeks. Section 10 of the Mississippi Workmen's Compensation Act [Miss. Code Ann. § 71-3-31 (1972)] provides in part:
Except as otherwise specifically provided, the basis for compensation under this chapter shall be the average weekly wages earned by the employee at the time of the injury, such wages to be determined from the earnings of the injured employee in the employment in which he was working at the time of the injury during the period of 52 weeks immediately preceding the date of the injury divided by fifty-two...
Ordinarily the time of injury coincides with the accident, but in a latent injury case such as this, the time lapse can be extensive. Appellee urges that the average weekly wage should be determined from the time of the disability and the appellants from the time of the accident. Although there are no Mississippi cases to this effect, appellee cites Radecker v. Blue Plate Foods, 80 So.2d 875 (La. App. 1955), Michna v. Collins Company, 116 Conn. 193, 164 A. 502 (1933), and Atamian's Case, 265 Mass. 12, 163 N.E. 194 (1928).
In Radecker, supra, claimant hurt her waist on May 22, 1953, necessitating surgery on January 9, 1954. As a result of the surgery she quit work on February 19, 1954. That Court held compensation was to begin as of January 9, 1954, the date of inception of her total disability.
In Michna, supra, the claimant worked as a grinder at which time he contracted a pneumoconiopic condition of the lungs, which did not result in disability until six years after he terminated his employment with the defendant. The statute on compensation provided that ascertainment of the average weekly wage for the purpose of fixing the amount of the award should be made by recourse to total wages received by a workman during the twenty-six weeks immediately preceding the injury. That Court held the term injury within the statute meant incapacity and determination of the average weekly wage should be made from the date of incapacity. See also Rousu v. Collins Co., 114 Conn. 24, 157 A. 264 (1931).
*186 In our opinion Atamian's Case, supra, does not support appellee's position. In that case no exact date of the injury could be determined and the Court held the board was justified in using the date when the hernia caused the employee to quit work as the date of the injury.
Further persuasive to appellee's view is the case of Phillips Petroleum Co. v. Malcolm, 175 Okl. 512, 53 P.2d 1113 (1936), in which the employee received a head injury on June 16, 1933, and continued working until March 1, 1934, when the resultant disability prevented his continued employment. It was held that where there is an accident which does not incapacitate but is progressive in nature, it is proper to consider the earnings of claimant between the date of the accident and the date of the disability.
Although there is authority to the contrary, we are of the opinion that the better rule in a latent injury case is that the average weekly wage should be determined from the date of the resultant disabling injury and not the accident. This is so because the claimant was not eligible for compensation other than medical examination/treatment until the onset of his incapacity. The measure of the earning power of an employee and his correlative loss relates, in our opinion, more to his earnings at the time the loss occurred when he was unable to work rather than at the earlier time of the accident when he was able to continue work, thereby receiving his earnings.
We hold that in latent injury cases the "date of injury" utilized in determining the average weekly wage means the date of the resultant disabling injury and not the date of the accident and affirm the trial court in that September 8, 1974, was the date of injury for compensation purposes.
In conclusion, the decision of the trial court is affirmed and the case is remanded to the Mississippi Workmen's Compensation Commission for proper proceedings.
AFFIRMED.
SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.
NOTES
[1] received compensation for medical examination/treatment, but did not request and did not receive compensation for disability.