370 So.2d 1363 (1979)
QUAKER OATS COMPANY, Employer, The Travelers Insurance Company, Carrier
v.
Littrell B. MILLER, Claimant.
No. 50987.
Supreme Court of Mississippi.
May 16, 1979.
*1364 Megehee, Brown & Williams, Larry A. Smith, Pascagoula, for appellant.
Cupit & Maxey, Robert W. Sneed, Jackson, for appellee.
Before PATTERSON, BROOM and BOWLING, JJ.
PATTERSON, Chief Justice, for the Court:
This is an appeal by Littrell B. Miller's former employer, Quaker Oats Company, and its carrier, Travelers Insurance Company, from a judgment of the Circuit Court of Jackson County. That court affirmed an order of the Workmen's Compensation Commission granting Miller $28 a week for 450 weeks as apportioned total benefits arising from job-related aggravation of hypertension.
Miller entered the employ of Quaker Oats Company in 1954. His job consisted of inspecting containers of canned pet food in an assembly line method of production. He was exposed to considerable heat since the containers were filled with pet food of high temperature. During the late 1950's to the early 1960's Miller developed high blood pressure which was treated by Dr. Hicks. The condition reappeared in 1969 and by 1970 Miller was experiencing "dizzy spells" and faintness which interfered with his employment. Dr. McBroom, a specialist in internal medicine, treated Miller with various medications, but this failed to reduce the hypertension.
The company informed Miller in March 1973 that his job performance was deteriorating. In consultation, Dr. McBroom was of the opinion that it was necessary for Miller to leave his work in order for the hypertension to be controlled. Acting upon his physician's advice, Miller began a four-month sick leave on March 30, 1973, and later, in mid-August 1973, Miller permanently severed his employment by retiring. It is undisputed that Miller was unaware that his disability was compensable until he was advised by an attorney in April 1974. Claimant's motion to controvert was thereafter filed on July 17, 1975.
The appellants maintain the trial court erred by (1) finding a causal connection between injury and employment, (2) not designating an independent physician to examine Miller and therefore Dr. McBroom's fees were not recoverable, and (3) adjudicating the claim was not barred by limitations.
We need not reach the first two assignments of error because we are of the opinion the Workmen's Compensation Commission and the circuit court erred as a matter of law in their adjudications that the statute of limitations had not run.
Mississippi Code Annotated section 71-3-35 (1972), Limitation, subsection (1) provides:
(1) No claim for compensation shall be maintained unless, within thirty (30) days after the occurrence of the injury, actual notice was received by the employer or by an officer, manager, or designated representative of an employer. If no representative has been designated by posters placed in one or more conspicuous places, then notice received by any superior shall be sufficient. Absence of notice shall not bar recovery if it is found that the employer *1365 had knowledge of the injury and was not prejudiced by the employee's failure to give notice. Regardless of whether notice was received, if no payment of compensation (other than medical treatment or burial expense) is made and no application for benefits filed with the commission within two years from the date of the injury or death, the right to compensation therefor shall be barred. (Emphasis added.)
Limitation of action was not considered by the administrative judge, apparently because it was not called to his attention. However, when the claim was considered by the full commission, limitation was an issue. Two of the commissioners were of the opinion the statute had not run. They stated:
Although the issue of whether the claim should be barred by the two-year statute of limitations was not urged during the hearings before the Administrative Judge or on review, this matter has been carefully considered by the Full Commission, and the Majority Members of the Commission find sufficient evidence reflected in the record to sustain a finding that the claimant was unaware of the compensable nature of his injuries until August of 1973. As such, claimant's MOTION TO CONTROVERT filed on July 17, 1975, was within the above mentioned statute of limitations, although claimant last worked for defendant on March 30, 1973.
The other commissioner was of the opinion that the statute of limitations had run, thereby barring the claim. His opinion was:
It is the opinion of Commissioner Hill that this claim for benefits is barred by Section 12 of the Mississippi Workmen's Compensation Act, and that the MOTION TO CONTROVERT was filed on July 17, 1975, a period of more than two years since the date on which claimant's longstanding hypertensive condition resulted in disability.
Therefore, it is the opinion of Commissioner Hill that the date on which claimant had knowledge of his disability is controlling, and that accordingly, the MOTION TO CONTROVERT should have been filed sometime prior to March 30, 1975.
On appeal to the circuit judge the majority order of the commission was affirmed.
The issue presented is, in our opinion, one of law rather than a review of conflicting facts.
We recognize fully that a latent injury does not cause the statute to begin to run until the disabling nature of the injury manifests itself. Pepsi Cola Bottling Co. of Tupelo, Inc. v. Long, 362 So.2d 182 (Miss. 1978); Struthers Wells-Gulfport, Inc. v. Bradford, 304 So.2d 645 (Miss. 1974); and Tabor Motor Co. v. Garrard, 233 So.2d 811 (Miss. 1970). However, our language in each of these cases needs clarification. In Tabor we stated with regard to limitations, the following:
In short, the two-year limitation statute does not begin to run until by reasonable care and diligence it is discoverable and apparent that a compensable injury has been sustained. 2 Larson, Workmen's Compensation Law, § 78.41 (1969). (Emphasis added.)
In Struthers Wells-Gulfport we stated in referring to Tabor the following:
We also pointed out that under the statute the claim period runs from the time that a compensable injury becomes apparent... . The word "injury" in the two-year statute refers to a compensable injury from which incapacity and its extent can reasonably be ascertained by medical evidence. Thus, Mrs. Bradford had no compensable injury resulting from the spider bite until it became reasonably apparent that she had a disability arising therefrom. Consequently, we are in agreement with the circuit court that the statute of limitations does not begin to run until by reasonable care and diligence it is discoverable and apparent that a compensable injury has been sustained... . (304 So.2d at 649) (Emphasis added.)
And, in Pepsi Cola Bottling Co. we held in reliance upon Struthers Wells-Gulfport and Tabor the following:

*1366 We stated that the word "injury" in the two-year statute referred to a compensable injury from which incapacity and its extent could reasonably be ascertained by medical evidence and upheld the Tabor case finding that the statute of limitations did not bar claimant's recovery. (362 So.2d at 185)
We continued by stating:
In our opinion it was virtually impossible for him to know at the time of the apparently minor accident, then non-compensable, that it would develop into a compensable injury... . (362 So.2d at 185) (Emphasis added.)
By using the word "compensable" or "non-compensable" injury or disease instead of "disabling" or "non-disabling" injury or disease the impression has apparently been left with the commission and others that the statute begins to run only from the time the claimant is aware that he is entitled to compensation (payment) for a work-connected disability.
In each of the cited cases the primary issue was a determination of when the disability arose from an accident or bite, initially considered insignificant, but which progressed over a period of time to disabling proportions. In each we uniformly held the statute did not begin to run until the disabling characteristics of the work-related injuries or bite became known.
The present issue differs. In the first instance, probably immaterial, this claim arises from a progressive disease and not an accidental injury. It differs materially in that this claimant was aware of his illness, had knowledge of its nature, its seriousness, and the aggravation, leading to disability, was work connected. The claimant did not know his disability entitled him to payment, i.e., it was compensable. This last factor projects a novel question not found in either of the cited cases and which has not been considered by the Court.
In Long, Struthers Wells-Gulfport and Tabor, we did not use the word "compensable" or "non-compensable" injury to connote legal knowledge that a claim is within the Workmen's Compensation Act. What we meant then and now attempt to clarify is that "compensable" injury means that the disabling injury was work connected. Progressing from this distinction to the present facts, the remaining issue is, when did the statute of limitations begin to run?
Larson, Workmen's Compensation, section 78.41 (1978), explains what we believe to be a reasonable rule derived from any cases upon the subject:
The time period for notice or claim does not begin to run until the claimant, as a reasonable man, should recognize the nature, seriousness and probable compensable character of his injury or disease.
In explanation, it is stated:
In the rule as stated at the outset of this subsection, three characteristics of claimant's condition were identified as those that, if they should have been recognized by claimant as a reasonable man, will cause the statutory period to start to run: (1) The nature, (2) the seriousness, and (3) the probable compensable character of the injury or disease. These components overlap at many points, but they supply a convenient rough outline within which to discuss the relevant cases.
We note that in many of the cases cited in Larson the term "probable compensable character" means nothing more than the injury or disease was work related.
In giving application to this rule, we are led to believe, and now hold, the statute of limitations began to run on March 31, 1973, when Miller left his employment on sick leave. At that time as a reasonable man Miller knew, or should have known, the nature, seriousness and disabling character of his disease. By his testimony Miller had actual knowledge of his disability and that it was caused by a work-connected aggravation of hypertension.
In our opinion the two-year limitation statute began to run on March 31, 1973, and barred this action two years thereafter.
We conclude the circuit court erred as a matter of law in affirming the commission's decision that the statute of limitations had not run.
*1367 This case was considered by a conference of the justices en banc.
REVERSED AND RENDERED.
SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.