## IN THE SUPREME COURT OF MISSISSIPPI
### NO. 97-CT-01170-SCT

*J. H. MOON & SONS, INC. AND WESTERN CASUALTY AND SURETY COMPANY*

*v.*

*BILLY D. JOHNSON*

<u>**ON WRIT OF CERTIORARI**</u>

| | |
|---|---|
| DATE OF JUDGMENT: | 08/27/97 |
| TRIAL JUDGE: | HON. JOHN B. TONEY |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | BETTY B. ARINDER |
| ATTORNEYS FOR APPELLEE: | CHAD J. HAMMONS |
| | ROBERT L. WELLS |
| NATURE OF THE CASE: | CIVIL - WORKERS' COMPENSATION |
| DISPOSITION: | AFFIRMED AND REMANDED - 12/16/1999 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 01/06/2000 |

## EN BANC.

## McRAE, JUSTICE, FOR THE COURT:

¶1. This appeal presents a question of first impression: whether workers' compensation benefits should be based on a worker's salary when his injury occurred, or on the salary he was earning many years later when he was finally declared disabled. The Administrative Law Judge and the Workers' Compensation Commission found that benefits should be based on the salary at the time of the injury. The Madison County Circuit Court and the Court of Appeals found that the benefits should be based on the salary at the time of determination of disability. After consideration we find that the judgment of the Court of Appeals should be affirmed.

I.

¶2. Billy D. Johnson began employment with J.H. Moon & Sons (Moon) in 1959 as a carpenter and was eventually promoted to construction superintendent. Moon primarily constructs bridges and highway overpasses. On December 2, 1981, Johnson, while working in the scope and course of his employment, was involved in an automobile accident. As a result of the accident, Johnson experienced considerable pain and numbness in his neck, shoulders, arms, and hands. In January of 1982, Johnson sought treatment from Dr. Lucien Hodges of Jackson, Mississippi, and later underwent cervical disc fusion surgery that same month. Johnson returned to work, but he continued to experience pain in his neck and arms.

¶3. As a result of the continuing pain and discomfort, Johnson traveled to the Tulane University Medical

Center in New Orleans, Louisiana, in May of 1983 and consulted with Dr. Raoul Rodriguez, an orthopedic surgeon. After an examination, Dr. Rodriguez determined that Johnson's pain and discomfort was caused by the compression of the median nerve due to non-union of the vertebra in the fusion performed by Dr. Hodges in January of 1982. Dr. Rodriguez further noted that the symptoms experienced by Johnson were indicative of compression of the median nerve in the carpal tunnel, or carpal tunnel syndrome. Dr. Rodriguez continued to treat Johnson between 1983 and 1985.

¶4. In December of 1985, Dr. Rodriguez concluded that additional surgery was necessary to correct the non-union of the vertebra in the cervical spine. The removal of a fragment of disc material and refusion of Johnson's vertebra were performed in January of 1986. Although the surgery performed by Dr. Rodriguez helped to diminish the pain in Johnson's neck and shoulders, Johnson continued to experience numbness in his right arm and hand.

¶5. On June 4, 1987, Administrative Law Judge Joseph Edmund Winston held that Johnson's injuries constituted a compensable injury arising from the December 1981 accident and ordered Moon and its workers' compensation insurer, Western Casualty and Surety Co., to pay all of Johnson's reasonable and necessary hospital and medical expenses and temporary total disability benefits of $112.00 per week. The order did not make a finding of permanent disability.

¶6. On November 25, 1987, after conducting an electromyogram, Dr. Rodriguez concluded that the earlier diagnosis of carpal tunnel syndrome was correct. Due to the continuing presence of pain, Johnson continued to see Dr. Rodriguez in approximately fifteen follow-up office visits between August 1987 and April 1990. In April 1990, Administrative Law Judge Neil W. White held that the carpal tunnel syndrome experienced by Johnson was related to the December 1981 accident. Johnson was awarded both past and future medical expenses related to his cervical spine injury.

¶7. Johnson had continued to work for Moon between the December 1981 accident and July 15, 1993. On this date Dr. Rodriguez concluded that Johnson was totally disabled and unable to return to work. Johnson received temporary total disability benefits from January 25, 1982, to March 7, 1982, at a rate of $112 per week and received wages in lieu of compensation from January 30, 1986, to July 7, 1986. From December 2, 1981, until July 15, 1993, Johnson sustained no additional injuries which aggravated the injury he sustained in 1981 or contributed to his disability.

¶8. In April 1994 Johnson filed a Motion for Immediate Hearing to Determine Benefits, claiming that he was entitled to disability benefits of $235.84 per week from July 15, 1993, the maximum rate in effect on that date.

¶9. On May 6, 1996, Administrative Law Judge Deneise Lott ordered that Johnson was entitled to permanent total disability benefits at the rate of $112 per week for 450 weeks beginning December 2, 1981, the date of the injury, with proper credit for compensation and for wages paid in lieu of compensation. Judge Lott concluded that Liberty Mutual Insurance Company, the workers' compensation carrier as of July 15, 1993, was not liable for any benefits to be paid and that Western Casualty was solely responsible for payment of Johnson's benefits.

¶10. Johnson filed a motion to reconsider on May 23, 1996. This motion was denied on June 26, 1996, by Judge Lott. Johnson petitioned for review by the Full Commission.

¶11. On October 31, 1996, the Full Commission affirmed the order of Judge Lott. From that order, Johnson appealed to the Madison County Circuit Court. On August 27, 1997, the circuit court reversed the Commission's order and awarded Johnson weekly benefits of $235.84. Moon and Western Casualty appealed. The Court of Appeals affirmed the circuit court.

II.

¶12. The applicable standard of review was provided by this Court in *Miller Transporters, Inc. v. Guthrie*, 554 So.2d 917, 918 (Miss. 1989):

> Decisions of the Mississippi Workers' Compensation Commission on issues of fact will not be overturned if they are supported by substantial evidence. *Myles v. Rockwell International*, 445 So.2d 528, 536 (Miss.1983). The Commission is the trier of facts as well as the judge of the credibility of the witnesses. *Roberts v. Junior Food Mart*, 308 So.2d 232, 234-35 (Miss.1975). Doubtful cases should be resolved in favor of compensation, so as to fulfill the beneficial purposes of the statute. *Reichhold Chemical, Inc. v. Sprankle*, 503 So.2d 799, 802 (Miss.1987); *Barham v. Klumb Forest Products Center, Inc.*, 453 So.2d 1300, 1304 (Miss.1984).

¶13. Miss. Code Ann. § 71-3-31(1995) provides in part: "Except as otherwise specifically provided, the basis for compensation under this chapter shall be the average weekly wages earned by the employee at the time of the injury, such wages to be determined from the earnings of the injured employee in the employment in which he was working at the time of the injury during the period of 52 weeks immediately preceding the date of the injury divided by fifty-two . . . ." Section 71-3-3(b) adds, in part: "'Injury' means accidental injury or accidental death arising out of and in the course of employment without regard to fault which results from an untoward event or events, if contributed to or aggravated or accelerated by the employment in a significant manner." Finally, § 71-3-3(i) states: "'Disability' means incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or other employment, which incapacity and the extent thereof must be supported by medical findings."

¶14. The Court of Appeals relied primarily on *Pepsi Cola Bottling Co. of Tupelo, Inc. v. Long*, 362 So.2d 182 (Miss. 1978), where Long suffered what appeared at first to be a minor injury in 1972 when he bumped his head against the cab door of his truck. He reported the incident to his employer but never received benefits. He consulted doctors who could find nothing wrong with him. The condition worsened to the point that Long claimed disability by 1974. Long's claim was first dismissed as time barred, but this Court found that "it was virtually impossible for [Long] to know at the time of the apparently minor accident, then noncompensable, that it would develop into a compensable injury," and Long had acted with due diligence in pursuing his claim and it was therefore not time barred. *Long*, 362 So.2d at 185. Next the Court addressed the question of the date to be used to calculate Long's benefits. Citing § 71-3-31, the Court stated:

> Ordinarily the time of injury coincides with the accident, but in a latent injury case such as this, the time lapse can be extensive. Appellee urges that the average weekly wage should be determined from the time of the disability and the appellants from the time of the accident. Although there are no Mississippi cases to this effect, appellee cites *Radecker v. Blue Plate Foods*, 80 So.2d 875 (La.App.1955), *Michna v. Collins Company*, 116 Conn. 193, 164 A. 502 (1933), and *Atamian's Case*, 265 Mass. 12, 163 N.E. 194 (1928).

In *Radecker, supra*, claimant hurt her waist on May 22, 1953, necessitating surgery on January 9, 1954. As a result of the surgery she quit work on February 19, 1954. That Court held compensation was to begin as of January 9, 1954, the date of inception of her total disability.

In *Michna, supra*, the claimant worked as a grinder at which time he contracted a pneumoconiopic condition of the lungs, which did not result in disability until six years after he terminated his employment with the defendant. The statute on compensation provided that ascertainment of the average weekly wage for the purpose of fixing the amount of the award should be made by recourse to total wages received by a workman during the twenty-six weeks immediately preceding the injury. That Court held the term injury within the statute meant incapacity and determination of the average weekly wage should be made from the date of incapacity. *See also **Rousu v. Collins Co.***, 114 Conn. 24, 157 A. 264 (1931).

In our opinion ***Atamian's Case, supra***, does not support appellee's position. In that case no exact date of the injury could be determined and the Court held the board was justified in using the date when the hernia caused the employee to quit work as the date of the injury.

Further persuasive to appellee's view is the case of ***Phillips Petroleum Co. v. Malcolm***, 175 Okl. 512, 53 P.2d 1113 (1936), in which the employee received a head injury on June 16, 1933, and continued working until March 1, 1934, when the resultant disability prevented his continued employment. It was held that where there is an accident which does not incapacitate but is progressive in nature, it is proper to consider the earnings of claimant between the date of the accident and the date of the disability.

*Long*, 362 So.2d at 185-86.

¶15. The Court of Appeals in this case was mistaken when it labeled Johnson's injury a latent one. A latent injury is an injury that a reasonably prudent man would not be aware of at the moment it was sustained. ***Georgia Pac. Corp. v. Taplin***, 586 So.2d 823, 827 (Miss. 1991); ***Quaker Oats Co. v. Miller***, 370 So.2d 1363, 1366 (Miss. 1979). Johnson, was aware of his injury from its inception, an injury that "over time, progressively increased to the point that in 1993 Johnson was no longer able to perform his duties with his employer." ***J.H. Moon & Sons, Inc. v. Johnson***, No. 97-CC-01170, 1999 WL 30535, at *4 (Miss.Ct.App. Jan. 26, 1999).

¶16. In ***Long***, we cited favorably an Oklahoma case, ***Phillips Petroleum Co. v. Malcolm,*** 53 P.2d 1113 (Okla. 1936), which dealt with a progressive injury. In ***Phillips Petroleum***, Malcolm received a head injury on June 16, 1933, and later developed severe headaches, nervousness and symptoms of epilepsy. Malcolm continued working until March 1, 1934, when his increasing disability prevented his continued employment. The Oklahoma Supreme Court held in ***Malcolm*** that where an injury is progressive in nature, the court should consider the earnings of the claimant between the date of the accident and the date of the disability. Here, as in ***Malcolm***, the 1981 accident did not incapacitate Johnson. Johnson continued working with an injury that progressive in nature.

¶17. Johnson did not suffer a latent injury. The Court of Appeals was in error to so find. ***Pepsi Cola Bottling Co. of Tupelo Inc. v. Long*** is not analogous since it deals with a latent injury. It did quote the ***Malcolm*** case which is more on point Johnson suffered a single injury in 1981, but the injury at that time did not prevent him from working. Unfortunately, the injury gradually worsened and progressed to a point

where, by 1993, Johnson was unable to work. The injury was not complete until it was determined that he was disabled or had a permanent injury

¶18. Johnson suffered an "accident which was clearly job related and the injury at issue. The record reflects that Johnson suffered no other injuries after the 1981 accident. Thus, there is only one accident and one injury. In 1986, Dr. Raoul Rodriquez, an orthopedic surgeon concluded that Johnson's prior diagnosis of carpal tunnel syndrome was both correct and directly attributable to the 1981 accident. If the injury is deemed progressive in nature, we are confronted with a 1981 accident which caused an injury that was gradual and progressive and which ultimately manifested itself in 1993 as a total disability and permanent injury. To hold otherwise would punish Johnson economically for his ever-worsening physical condition.

¶19. We hold that Johnson suffered a single injury in 1981 and that the injury gradually worsened and progressed to a permanent injury which manifested itself as a total disability in July, 1993. The rate of compensation should be based on Johnson's salary and/or wages for July 1993. The judgments of the Court of Appeals and Circuit Court are affirmed and this case is remanded to the Mississippi Workers' Compensation Commission for further proceedings consistent with this opinion.

¶20. **AFFIRMED AND REMANDED.**

**PRATHER, C.J., SULLIVAN, P.J., BANKS, SMITH, MILLS, WALLER AND COBB, JJ., CONCUR. PITTMAN, P.J., NOT PARTICIPATING.**