MYERS, P.J.,
 

 for the Court:
 

 ¶ 1. Francis Murray appeals from the Jackson County Circuit Court’s judgment affirming the decision of the Mississippi Workers’ Compensation Commission (Commission) that her claim for benefits was barred by the two-year statute of limitations. Finding no error, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. On April 7, 1999, Murray slipped and fell, striking her head, while working at Ingalls Shipbuilding, in Mississippi, where she was employed as a logistics analyst. Murray was examined at In-galls’s onsite medical facility and, subsequently, by her family physician, Dr. Gary Groff. She was released to return to her regular duties after missing approximately four hours of work as a result of the injury. Ingalls and/or Continental Casualty Company (collectively “Ingalls”) treated the incident as compensable and provided medical benefits associated therewith.
 

 ¶ 3. On May 18, 2004, Murray came under the care of Dr. Terry Millette after experiencing “vertigo” and “dizzy spell” symptoms. Dr. Millette noted a prior history of a closed-head trauma, and he diagnosed Murray with “occipital trauma” and “cerebral hematoma,” which had caused her to suffer “central disequilibrium” and tension-type headaches. Dr. Millette referred Murray to Dr. Kent Ozon, who diagnosed her on June 18, 2004, as having “central disequilibrium syndrome with vertigo.” Dr. Ozon prescribed medication to help alleviate Murray’s symptoms and to help her sleep.
 

 ¶ 4. On August 2, 2006, Murray filed a petition to controvert. Ingalls timely filed an answer and affirmative defenses, admitting the occurrence of a work-related accident on April 7, 1999, but disputing continued compensability based upon the running of the two-year statute of limitations set forth in Mississippi Code Annotated section 71-3-35 (Rev.2000). Ingalls thereafter filed a motion to dismiss based upon section 71-3-35. A ruling was withheld by the administrative law judge (ALJ) at the initial hearing of the motion in order to fully develop the record with medical records and depositions. Following discovery, the ALJ dismissed Murray’s claim, finding it time-barred pursuant to section 71-3-35. The Commission affirmed the ALJ’s order, and the circuit court affirmed the Commission’s decision. Murray appeals.
 

 STANDARD OF REVIEW
 

 f 5. In workers’ compensation cases, a decision by the Commission is afforded great deference; facts determined by the Commission may not be disturbed on appeal when those facts are supported by substantial, credible evidence.
 
 Raytheon Aerospace Support Servs. v. Miller,
 
 861 So.2d 330, 335 (¶ 11) (Miss.2003) (citations omitted). On questions of law, our standard of review is de novo.
 
 Harrison County v. City of Gulfport,
 
 557 So.2d 780, 784 (Miss.1990).
 

 DISCUSSION
 

 ¶ 6. Murray argues that the Commission misapplied the two-year statute of limitations in this instance, as she was misdiagnosed in April 1999 by her treating physicians following the injury she sustained at Ingalls. Murray contends that the injury she sustained at Ingalls caused discreet brain damage, and she had no duty to file her petition to controvert until
 
 *563
 
 her “latent brain injury” was evaluated, ascertained, and related to her employment by Drs. Millette and Ozon. Murray further contends that Ingalls never filed a requisite B-3 First Report of Injury with the Commission.
 

 ¶ 7. Section 71-3-35 provides that if no payment for compensation is made other than medical treatment or burial expense, and no application for benefits is filed with the Commission within two years from date of the injury or death, the right of compensation shall be barred. Our supreme court has interpreted section 71-3-35 relative to latent compensable injuries.
 
 Pepsi Cola Bottling Co. of Tupelo, Inc. v. Long,
 
 362 So.2d 182, 184 (Miss.1978) (citing
 
 Struthers Wells-Gulfport, Inc. v. Bradford,
 
 304 So.2d 645 (Miss.1974);
 
 Tabor Motor Co. v. Garrard,
 
 233 So.2d 811 (Miss.1970)). The court explained that, in most cases, the time of a work-related injury will be found to coincide with the accident; however, there may be instances where the extent of the injury could not reasonably have been ascertained by medical evidence at the time of the accident.
 
 Id.
 
 at 185. Accordingly, “the two-year limitation statute does not begin to run until by reasonable care and diligence it is discoverable and apparent that a compensable injury has been sustained.”
 
 Id.
 
 at 184 (citations omitted);
 
 see also Quaker Oats v. Miller,
 
 370 So.2d 1363, 1366 (Miss.1979) (holding the time period for filling a claim does not begin to run until the claimant, judged by the standard of a reasonable person, recognizes the nature, seriousness, and probable compensable character of his injury).
 

 ¶ 8. Here, the ALJ determined that based on the evidence presented, Murray was aware of the existence and appreciated the extent and nature of her injury as a result of the 1999 fall immediately post-injury. The ALJ further found that even if Murray did not fully recognize the nature, seriousness, and probable compensa-ble character of her injury in 1999, she did so at the latest on May 18, 2004, when Dr. Millette diagnosed her with a “brain stem contusion” and associated the condition with Murray’s fall in 1999. Therefore, her petition to controvert filed on August 2, 2006, was time-barred by the two-year statute of limitations set forth under section 71-3-35. We agree.
 

 ¶ 9. According to her own deposition, Murray was diagnosed with a “cerebral hematoma,” immediately following the injury. Because she did not show signs of a concussion, her treating physician felt that an x-ray was unnecessary and gave her permission to go back to work. Murray now alleges that had an x-ray been taken immediately following the injury, it would have shown that she was bleeding around her brain stem. Yet, by her own admission, had an x-ray been taken in 1999, the “brain stem contusion” would have been discovered. Thus, the injury for which Murray contends she was misdiagnosed, reasonably could have been ascertained by medical evidence at the time of the accident.
 
 Long,
 
 362 So.2d at 185. When this factor is coupled with Murray’s testimony stating that the pain associated with the blow to her head has never resolved itself and that the symptoms of dizziness began soon after the injury, we fail to see the discreet nature involved with this particular injury. Further, according to Murray, Dr. Millette informed her that there is no cure for the ill-effects of the type of injury she had sustained, only treatment through medication. Thus, we find there is substantial evidence that Murray did not suffer a latent injury, as contemplated by
 
 Long
 
 and
 
 Miller.
 

 ¶ 10. But, even if it could be said that Murray, when judged under the reasonable-person standard, did not know the
 
 *564
 
 nature, seriousness, and probable compen-sable character of her injury in 1999, she knew or should have known, as the ALJ found, on May 18, 2004. Thus, the statute began to run, at the latest, on that date. Accordingly, we find that Murray’s petition to controvert, filed on August 2, 2006, was rightly dismissed pursuant to the limitations provision set forth in section 71-3-35.
 

 ¶ 11. Also, we find no merit to Murray’s argument that the limitations period should be tolled due to Ingalls’s failure to file a first report of injury with the Commission (commonly referred to as a B-3 form). Section 71-3-67 of the Mississippi Code Annotated (Rev.2000) requires an employer, if self-insured, or its carrier, to file a report to the Commission within ten days of the occurrence of any injury that disables an employee for five days or more, or where “the employer or carrier knows, or reasonably should know, that an injury has resulted, or likely will result, in permanent disability or serious head or facial disfigurement, but which does not cause a loss of time in excess of the prescribed waiting period.... ” According to the record, Murray missed approximately four hours of work as a result of the injury, and there is no indication that In-galls had any reason to suspect that Murray had sustained a permanent disability. There also is no indication that Murray suffered a serious head or facial disfigurement as a result of the fall. According to the evidence presented, Ingalls was not required to report Murray’s injury to the Commission.
 

 ¶ 12. Lastly, Murray asserts that In-galls failed to file a notice of final payment (known as a B-31 form), which is required to be filed in order to close the Commission file; accordingly, she contends that her claim remains open. This argument, however, is raised for the first time on appeal; thus, it was not properly preserved for review. We, therefore, decline to address this issue.
 
 Winter v. Wal-Mart Supercenter,
 
 26 So.3d 1086, 1090 (¶ 14) (Miss.Ct.App.2009).
 

 ¶ 13. THE JUDGMENT OF THE JACKSON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR.