872 So.2d 60 (2003)
The UNIVERSITY OF SOUTHERN MISSISSIPPI and Mississippi Institutions of Higher Learning, Self-Insured, Appellants,
v.
Dawn P. GILLIS, Appellee.
No. 2002-WC-02038-COA.
Court of Appeals of Mississippi.
December 16, 2003.
Rehearing Denied February 24, 2004.
Certiorari Denied May 6, 2004.
*61 Joseph T. Wilkins, Jackson, attorney for appellants.
Orvis A. Shiyou, attorney for appellee.
Before SOUTHWICK, P.J., MYERS and CHANDLER, JJ.
CHANDLER, J., for the Court.
¶ 1. This is a workers' compensation case that comes before the Court on appeal from the Circuit Court of Forrest County. The claimant/appellee, Dawn Gillis, worked for the University of Southern Mississippi in the capacity of a counselor and teacher. Gillis suffers from lupus, Meniere's disorder and allergic rhinitis. She contends that she was forced to quit her job because her medical conditions were aggravated by the work environment at USM. Gillis appealed the decision of the Workers' Compensation Commission affirming the administrative law judge's finding to deny compensation benefits. On November 14, 2001, the circuit court affirmed the order of the Commission but later reversed this order and entered a second order on July 2, 2002. In a third order, the circuit court vacated the two conflicting orders. On November 18, 2002, the circuit court entered a fourth and final order reversing the Full Commission's decision that denied benefits to Gillis. The University of Southern Mississippi and Mississippi Institutions of Higher Learning (hereinafter USM) timely filed their appeal from this fourth and final order. USM in its appeal, cites the following two issues:
1. CAN THE CIRCUIT COURT OF FOREST COUNTY, MISSISSIPPI, ACTING IN ITS APPELLATE POWERS, RETAIN INFINITE JURISDICTION ON A MATTER IN WHICH A FINAL ORDER HAS BEEN ISSUED AND NO APPEAL HAS BEEN TAKEN BY THE AGGRIEVED PARTY WITHIN THE THIRTY DAY LIMITATION AFTER THE ISSUANCE OF THE FINAL ORDER PURSUANT TO MISSISSIPPI RULE OF APPELLATE PROCEDURE 4(A)?
2. THE COMMISSION IS THE FINDER OF FACTS AND IF SUPPORTED BY SUBSTANTIAL EVIDENCE, THE COMMISSION ORDER SHOULD BE UPHELD AND THIS COURT SHOULD REVERSE THE LOWER COURT AND REINSTATE THE UNANIMOUS COMMISSION ORDER BECAUSE THE CLAIM OF DAWN GILLIS IS TIME BARRED BY THE TWO-YEAR STATUTE OF LIMITATIONS.
¶ 2. We reverse the trial court's holding and reinstate its initial order of November 14, 2001, affirming the Workers' Compensation Commission.

FACTS
¶ 3. Gillis was employed at USM in the capacity of a counselor and teacher. Her duties included teaching classes, counseling students and administering college entrance exams. Gillis was approximately forty-seven years of age at the onset of her work related injury. Gillis suffers from lupus, allergic rhinitis, and Meniere's disorder. Gillis contends she was forced to leave her job at USM due to work related stress and because cigarette smoke in the *62 work place aggravated her medical conditions. USM adopted a policy on May 22, 1989, which prohibited smoking in indoor locations where smokers and non-smokers occupy the same area. Yet, Gillis contends the policy was ignored by many in her department.
¶ 4. In September of 1993, Gillis took a medical leave from her employment with USM. She applied for and was granted total disability benefits from the Social Security Administration and the Public Employees' Retirement System. Gillis' primary attending physicians are Dr. Robert McCary and Dr. Kurt Bruckmeier.
¶ 5. On December 27, 1991, Gillis sought treatment from Dr. Kurt Bruckmeier for her lupus. Gillis informed Dr. Bruckmeier that the disease was having an effect on her job performance in April 1992. She complained of feeling lightheaded and reported that her condition seemed to worsen with bad weather and stress. On June 10, 1993, Gillis informed Dr. Bruckmeier that stress from her job was causing skin lesions to break out on her body from the lupus.
¶ 6. On April 13, 1993, Gillis made an appointment to see Dr. Robert McCary because she was having problems keeping her balance. Dr. McCary diagnosed Gillis with Meniere's disorder due to the ringing and popping in her ears. Meniere's disorder occurs when there is increased pressure of the fluids of the inner ear due to a secondary lack of absorption. Dr. McCary recommended a series of allergy tests. The test results showed a positive allergic reaction to tobacco smoke. Dr. McCary opined that a smoke-filled work environment decreased Gillis' ability to deal with her disease processes. Dr. McCary wrote letters to USM regarding the adverse medical effects the smoke-filled work environment was having on Gillis' health.
¶ 7. On June 9, 1993, Joanne Stevens, dean of student services at USM, sent a letter to employees at the USM counseling center concerning their non-compliance with the university's smoking policy. Stevens noted that until January 1, 1994, the counseling center would be a smoke free environment. After that time, smoking would be allowed in the counseling center provided each person would open the windows and close the doors when smoking in a room. Also, a draft protection device was to be placed between the offices of Gillis and the dean when anyone chose to smoke in his office. Gillis contends that the policy was not enforced after its inception and that she suffered as a consequence of it.
¶ 8. On September 14, 1993, Gillis resigned from her employment at USM. She filed her petition to controvert on September 7, 1995. A hearing was held and the administrative law judge rendered an opinion on December 18, 1998, denying her benefits. Gillis appealed the decision to the Full Commission on January 7, 1999. The order of the administrative law judge was affirmed on May 13, 1999. Feeling aggrieved, Gillis appealed to the Circuit Court of Forrest County which affirmed the findings of the Full Commission on November 14, 2001, and entered the order on the docket that same day.
¶ 9. Gillis did not appeal from the November 14, 2001 order. Gillis' counsel argues that he frequently asked the circuit court whether it had made a decision in the case. Counsel alleges the circuit judge showed him a file on the floor beside the bench, which led him to believe no action had been taken to resolve the matter. Upon additional inquiry, the circuit court advised Gillis' counsel to prepare an order reversing the Full Commission. The order reversing the Full Commission was entered on July 2, 2002. The circuit court *63 vacated its conflicting orders on October 14, 2002, and issued a fourth order, dated November 18, 2002, reversing the decision of the administrative law judge and Full Commission. It is from the issuance of the final orders that USM appeals.

1. CAN THE CIRCUIT COURT OF FOREST COUNTY, MISSISSIPPI, ACTING IN ITS APPELLATE POWERS, RETAIN INFINITE JURISDICTION ON A MATTER IN WHICH A FINAL ORDER HAS BEEN ISSUED AND NO APPEAL HAS BEEN TAKEN BY THE AGGRIEVED PARTY WITHIN THE THIRTY DAY LIMITATION AFTER THE ISSUANCE OF THE FINAL ORDER PURSUANT TO MISSISSIPPI RULE OF APPELLATE PROCEDURE 4(A)?
¶ 10. USM argues the circuit court lost jurisdiction over the matter when Gillis failed to timely appeal the November 14, 2001 ruling which denied compensation benefits. Gillis argues Mississippi Rule of Appellate Procedure 4(h) provides her relief because she had no notice of the entry of the November 14, 2001 order by the clerk of the court as required by Mississippi Rule of Civil Procedure 77. We address USM's contention that the November 18, 2002 order is void for want of jurisdiction by the circuit court.
¶ 11. The circuit court shall have such appellate jurisdiction as prescribed by law. Miss.Code Ann. § 9-7-81 (Supp.2003). The circuit court sits as an intermediate court of appeals in a workers' compensation case. Delta CMI v. Speck, 586 So.2d 768, 772 (Miss.1991). Mississippi Rule of Appellate Procedure 4(a) provides:
[I]n a civil or criminal case in which an appeal or cross-appeal is permitted by law as of right from a trial court to the Supreme Court, the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from. If a notice of appeal is mistakenly filed in the Supreme Court, the clerk of the Supreme Court shall note on it the date on which it was received and transmit it to the clerk of the trial court and it shall be deemed filed in the trial court on the date so noted.
¶ 12. A judgment becomes effective the date it is entered on the general docket of the clerk of court. M.R.C.P. 58. An appeal may be taken to the supreme court from any final judgment of a circuit or chancery court in a civil case. Miss.Code Ann. § 11-51-3 (Supp.2003). Mississippi Rule of Appellate Procedure 4(h) provides:
The trial court, if it finds (a) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry and (b) that no party would be prejudiced, may, upon motion filed within 180 days of entry of the judgment or order or within 7 days of receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.
¶ 13. The comment to Rule 4(h) states the "reopening may be ordered only upon a motion filed within 180 days of the entry of a judgment or order or within 7 days of receipt of notice of such entry, whichever is earlier. This provision establishes an outer time limit of 180 days for a party who fails to receive timely notice of entry of a judgment or order." M.R.A.P. 4(h).
¶ 14. The circuit court's judgment denying Gillis compensation benefits was entered on the court's docket on November 14, 2001. Gillis had thirty days to appeal the circuit court's order to the Mississippi *64 Supreme Court. Counsel for Gillis claims the circuit court led him to believe no action had been taken to resolve the matter. Gillis also alleges that she did not receive notice from the clerk of the court that the order had been entered on the docket.
¶ 15. Gillis failed to file an appeal within thirty days of the circuit court's order as required by Mississippi Rule of Appellate Procedure 4(a). The last date that Gillis could request an out-of-time appeal under Rule 4(h) was 180 days after the November 14, 2001 order was entered on the general docket. Accordingly, Gillis' time to file a motion for an out-of-time appeal expired May 16, 2003. The record is void of any motion by Gillis. Neither this Court nor the circuit court has the power to suspend the time limit that is set forth in Rule 4(h). Therefore, we find that the circuit court was without jurisdiction when it issued all orders subsequent to the first order.

2. THE COMMISSION IS THE FINDER OF FACTS AND IF SUPPORTED BY SUBSTANTIAL EVIDENCE, THE COMMISSION ORDER SHOULD BE UPHELD AND THIS COURT SHOULD REVERSE THE LOWER COURT AND REINSTATE THE UNANIMOUS COMMISSION ORDER BECAUSE THE CLAIM OF DAWN GILLIS IS TIME BARRED BY THE TWO-YEAR STATUTE OF LIMITATIONS.
¶ 16. This Court applies the same standard of review as the circuit court. State Tax Comm'n v. Vicksburg Terminal, Inc., 592 So.2d 959, 961 (Miss. 1991). If supported by substantial evidence, the Court will affirm the findings and order of the Commission. Vance v. Twin River Homes, Inc., 641 So.2d 1176, 1180 (Miss.1994). "This Court will reverse an order of the Workers' Compensation Commission only where such order is clearly erroneous and contrary to the overwhelming weight of the evidence." Mitchell Buick, Pontiac & Equip. Co. v. Cash, 592 So.2d 978, 980 (Miss.1991). If the Commission's findings are supported by substantial evidence, appellate courts are bound by the Commission's findings, even if the evidence would persuade this Court to find otherwise, if it were the fact finder. Hedge v. Leggett & Platt, Inc., 641 So.2d 9, 12 (Miss.1994).
¶ 17. When the circuit court reviews findings and conclusions of the Mississippi Workers' Compensation Commission, it sits as an intermediate court of appeals. Walker Mfg. Co. v. Cantrell, 577 So.2d 1243, 1247 (Miss.1991). As such the circuit court reviews all questions of law and fact. Roberts v. Junior Food Mart, 308 So.2d 232, 235 (Miss.1975). See also Miss.Code Ann. § 71-3-51 (Rev.2000). "[W]hen the decision of the Commission is before the circuit court on intermediate appeal, that circuit court may not tamper with the findings of fact, where the findings are supported by a sufficient weight of the evidence." Natchez Equip. Co. v. Gibbs, 623 So.2d 270, 274 (Miss.1993).
¶ 18. Assuming arguendo, the circuit court retained jurisdiction over the matter, we find there was substantial evidence to support the decision of the Full Commission denying benefits to Gillis. The Full Commission based its decision to deny compensation on Gillis' failure to file a claim within two years. Mississippi Code Annotated Section 71-3-35(1) (Supp.2003) states in relevant part:
Regardless of whether notice was received, if no payment of compensation (other than medical treatment or burial expense) is made and no application for benefits filed with the commission within two years from the date of the injury or *65 death, the right to compensation therefor shall be barred.
Gillis directs the Court's attention to the holding in Quaker Oats Co. v. Miller, 370 So.2d 1363, 1366 (Miss.1979), to support her position that she is not barred by the two year statute of limitations. In Miller the court stated:
The time period for notice or claim does not begin to run until the claimant, as a reasonable man, should recognize the nature, seriousness and probable compensable character of his injury or disease.
¶ 19. The administrative law judge addressed the statute of limitations issue and found that Gillis was time barred. He determined that Gillis knew as a reasonable person that her medical conditions evolved and became apparent between 1990 and 1992. The administrative law judge specifically found that Gillis knew her lupus condition and Meniere's disease were aggravated by her work at USM during the years 1990-92 and no later than June 1993. Gillis related the medical problems to her physicians, which was evidenced in a letter to Joanne Stevens, dean of student services at USM as well as the testimony of Dr. McCary and Dr. Bruckmeier. Yet, Gillis did not file her petition to controvert until September 7, 1995.
¶ 20. The administrative law judge and Full Commission cited the two year statute of limitations as a bar to Gillis' receipt of compensation benefits. These decisions were based on substantial evidence in the record. The Court reverses the November 18, 2002 order and reinstates the November 14, 2001 order of the circuit court which affirmed the decision of the Full Commission.
¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF FORREST COUNTY IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND GRIFFIS, JJ., CONCUR.