937 So.2d 51 (2006)
Marilyn S. COOPER, Appellant
v.
MISSISSIPPI DEPARTMENT OF REHABILITATION SERVICES and Mississippi State Agencies Workers' Compensation Trust, Appellees.
No. 2005-WC-00980-COA.
Court of Appeals of Mississippi.
September 5, 2006.
Henry Palmer, attorney for appellant.
Tameka Wilder Buck, Diane V. Pradat, Jackson, attorneys for appellees.
*52 Before LEE, P.J., SOUTHWICK and ISHEE, JJ.
SOUTHWICK, J., for the Court.
¶ 1. An employee of a state agency suffered from severe allergic reactions to her environment. Questions before the Workers' Compensation Commission included the extent to which these difficulties were work-related and the point in time at which the employee should have known of her claim. The Commission found no basis to award benefits. We agree and affirm.

FACTS
¶ 2. Marilyn Cooper began working as a secretary at the Mississippi Department of Rehabilitation Services in 1988. She first complained in 1993 of sinus and allergy problems due to certain workplace chemicals such as cleaning agents and diesel fuel fumes. She sought treatment from otolaryngologist Dr. Joseph Seifker in 1995. When her complaints persisted, Dr. Seifker referred her in 1998 to Dr. William Rea, a cardiologist in Dallas, Texas. Dr. Rea diagnosed Cooper as having total physical impairment due to a toxic exposure allergy to chemicals.
¶ 3. In April 1998, Cooper filed a petition to controvert with the Commission. The Department filed a response denying injury and pleading that the statute of limitations barred the claim. Hearings were conducted by an administrative judge in October 2002 and March 2003. The judge denied the claim on July 9, 2003, holding as follows:
(1) The two-year statute of limitations commenced in October 1995 since at that time it was "reasonably apparent" to Cooper that a work-related injury occurred;
(2) The claim was therefore time-barred because she did not file until April 1998;
(3) Alternatively, Cooper's injury was not work-related and therefore it was not compensable.
¶ 4. Cooper appealed to the Commission, which upheld the ruling in February 2004. The Lauderdale County Circuit Court affirmed on appeal. We provide the next stage appellate review.

DISCUSSION
¶ 5. There are two issues in this case. The first is whether Cooper filed her claim after the pertinent statute of limitations had run. The second is whether Cooper's injury was work-related. Each is a sufficient basis on which to uphold the decision. We closely examine only the first.

ISSUE 1: Statute of limitations.

¶ 6. The relevant statute of limitations requires that a claim for workers' compensation be brought within two years from the date of the injury. Miss.Code Ann. § 71-3-35(1) (Rev.2000). It is uncontested that the claim was filed more than two years after the date that Cooper first learned from a physician that her physical complaints were likely work-related. The claimant describes the knowledge that she first gained as insufficient to inform her of the seriousness of the injury or to alert her to the future worsening of her condition.
¶ 7. Cooper first sought treatment for allergic and respiratory complaints from Dr. Siefker on October 9, 1995. Dr. Siefker notified Cooper in December 1995 that her respiratory problems may have been work-related. Cooper testified that she experienced severe respiratory problems in 1993 and had suffered from related problems since around 1985, when she began receiving allergy shots.
¶ 8. Dr. Seifker diagnosed Cooper as having extreme sensitivity to chemicals. Because he could not pinpoint the exact *53 cause after numerous visits spanning over two years, Dr. Seifker referred Cooper to Dr. Rea, a Texas cardiologist who had a sub-specialty in environmental medicine. She went to Dr. Rea's Dallas office in July 1998. Dr. Rea diagnosed her as having toxic exposure to chemicals, but he did not specify which chemicals were problematic.
¶ 9. Cooper argues that the July 1998 visit to Dr. Rea was the first notice that she had of the significance of her work environment. If that is so, the notice occurred after she filed her petition to controvert in April 1998 claiming a work-connection for her illnesses. At the hearing, Cooper admitted that she learned from Dr. Seifker in October 1995 that her condition could be related to her work environment. Cooper was shown a document she had prepared, dated December 4, 1997, and entitled "Conditions that Lead Up to Marilyn Cooper's Chemical Sensitivity." In that document Cooper recorded that Dr. Seifker asked her where she had been exposed to so many chemicals, and she told him that it was at her workplace. She agreed that Dr. Seifker at least suspected that her problems were related to work but testified that he was not certain.
¶ 10. In addition, Cooper testified that she completed the Commission's B-31 form in September 1996 in an effort to receive benefits. We do not find the form in the record. The B-31 form is used for the final report of payment, prepared and submitted by an employer. Cooper may have meant the B-3 form that is the first report of an injury. Regardless of which form she used, Cooper testified that she wrote on the document that she had notified her employer of a work-connection to her ailments on June 23, 1995, and that she indicated her problems were workplace "smells."
¶ 11. It is evident from Cooper's testimony that for years she suffered severe allergic reactions. Measures were being taken at work to address them. Cooper had been hospitalized eight times from 1993 to 1996 due to her reaction to her work environment. The administrative judge noted that her employer "attempted to alleviate her problems by changing the products used to clean the bath rooms and asking employees to refrain from using perfumes, sprays," and similar chemicals.
¶ 12. The evidence is convincing that as of 1995, Cooper believed that her job was causing health problems. There was no substantial evidence that events after 1995 created her problems or for the first time made them disabling. The clear evidentiary picture is that Cooper had allergic reactions throughout the 1990's and even earlier, and she believed no later than 1995 that her symptoms were work-related. What she denies is that she knew in 1995 that her problems were compensable.
¶ 13. Cooper refers us to a precedent in which a claimant knew that he suffered a minor injury at work, but he did not know until a few years later that serious health problems arose from that incident. Pepsi Cola Bottling Co. v. Long, 362 So.2d 182 (Miss.1978). The claimant, Long, hit his head when hurriedly entering the cab of a company truck. He reported the incident but received neither treatment nor benefits. A few months later his recurring neck pain caused him to seek treatment. After an examination, Long was told that there was no medical problem. Id. at 183. It was two years later that he began to suffer blackouts ostensibly caused by the earlier injury.
¶ 14. The Supreme Court held that it was "virtually impossible" for Long to know at the time of the minor injury that it would develop, two years later, into a compensable one. The injury was therefore latent. In finding that the two-year statute of limitations did not expire prior *54 to the claim being brought, the Court said that the limitations period began when "with reasonable care and diligence it is discoverable and apparent" that a compensable injury exists. Id. at 185.
¶ 15. One year after Long, the Supreme Court elaborated on this holding by stating in reviewing a claim based on hypertension, that the statute of limitations begins when an employee knows or should as a reasonable person have known of "the nature, seriousness and disabling character of his disease." Quaker Oats v. Miller, 370 So.2d 1363, 1366 (Miss.1979). The claimant "was aware of his illness, had knowledge of its nature, its seriousness, and the aggravation, leading to disability, was work-related. The claimant did not know his disability entitled him to payment, i.e., it was compensable." Id. A claimant's knowledge of the right to compensation was irrelevant; instead, it was sufficient that the claimant knew "that the injury or disease was work related." Id.
¶ 16. Certainly there is no purpose in encouraging the filing of a claim when a minor injury occurs during employment that does not seem to have any long-term significance. The Commission, though, found that Cooper's health problems were anything but latent. She believed as of June 1995 and had a diagnosis in October 1995 that there was a work-connection. The administrative judge relied on evidence that Cooper had been affected by chemicals used at work at least since 1993.
¶ 17. Perhaps Cooper's problems were worsening throughout her work, and her condition in 1995 when she believed there was a work connection was less severe than in 1998 when she filed her claim. Such increasingly severe effects of a work-related injury do not delay the commencement of the limitations period so long as the standards we quoted from Long and Quaker Oats are met. Benoist Elevator Co. v. Mitchell, 485 So.2d 1068, 1070 (Miss. 1986). Cooper was aware of her condition, its disabling character, and its alleged relationship to her workplace. Even if the physical effects got worse over time, that does not alter that it was known to be disabling in 1995.
¶ 18. There is some similarity to Cooper's situation and that of a precedent from this Court. Univ. of S. Miss. v. Gillis, 872 So.2d 60 (Miss.App.2003). The claimant was allergic to cigarette smoke. We held that the claimant who suffered from Lupus and Meuniere's disease was reasonably aware of the potential damage to her health from cigarette smoke at her workplace. Though first exposed perhaps in 1990 or at the latest in June 1993, the claimant did not file a petition to controvert until September 1995. A reasonable person would have known between 1990 and 1993 that cigarette smoke would aggravate these conditions. Similarly, a reasonable person suffering from ailments that are disabling, who believes conditions at the workplace are contributing to her physical distress, is required to act timely. Cooper did not.
¶ 19. No later than October 9, 1995, with Dr. Siefker's diagnosis, the two-year statute of limitations on Cooper's claim commenced. Since the claim was filed in 1998, it is time-barred.

ISSUE 2: Work-related.

¶ 20. There was considerable disagreement below regarding whether Cooper's problems were shown to be work-related. We find clear evidence that one of her doctors and Cooper herself perceived a work-connection no later than October 1995. There was also considerable evidence and argument that Cooper unfortunately suffers from a debilitating allergy to a very large percentage of the chemicals that she encounters daily where she lives and works. Because of our ruling on the *55 limitations issue, we need not resolve whether there was reversible error in the Commission's denial that sufficient evidence existed that her physical ailments were work-related.
¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY AFFIRMING THE DECISION OF THE WORKERS' COMPENSATION COMMISSION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, AND ISHEE, JJ., CONCUR. ROBERTS, J., NOT PARTICIPATING.