KING, C.J,
 

 for the Court:
 

 ¶ 1. In 1998, Gary C. Nicholson developed eczema on his hands and feet that was later attributed to his work environment. Nicholson allegedly realized that his eczema was work related in 2004. Thereafter, Nicholson filed a petition to controvert. Pursuant to the two-year statute of limitations, the administrative judge (AJ) dismissed Nicholson’s claim as time-barred. Nicholson appealed the dismissal to the Commission and then to the Circuit Court of Pearl River County without success. Aggrieved, Nicholson timely filed his notice of appeal and disputes that his claim was time-barred. Finding no error, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. In 1988, Arizona Chemical, a subsidiary of International Paper Company, Inc. hired Nicholson to manufacture glue, which encompassed using chemicals such as acid and ammonia. Ten years later, Nicholson developed a blistering, itching, peeling rash on his feet. He first sought treatment from the company’s doctor, Dr. D.L. Bolton. Dr. Bolton diagnosed that Nicholson’s condition was a result of concrete poisoning. Nicholson did not agree with Dr. Bolton’s diagnosis because he did not work with concrete. In his deposition, Nicholson testified that he had assumed that meant that his condition was caused by chemicals. Nicholson testified that he had reported his symptoms to Arizona Chemical’s safety personnel, and his supervisor completed an accident report.
 

 
 *997
 
 ¶ 3. Unsatisfied with Dr. Bolton’s diagnosis, Nicholson sought a second opinion from Dr. George Farber. Dr. Farber treated Nicholson from 1998 to 2006, diagnosing Nicholson with eczema. Because of Nicholson’s outbreaks, Dr. Farber issued several work-release forms for Nicholson over the years that excused him from work for weeks at a time. During those times, Nicholson received payments under a short-term disability insurance policy, and his medical bills were covered by his group health insurance policy.
 

 ¶ 4. In 2004, Nicholson sought treatment from Dr. Farber for yet another outbreak. According to Nicholson, he did not realize that his condition was work related until the 2004 outbreak. On December 14, 2004, Nicholson filed a claim for workers’ compensation benefits, and the claim was denied.
 

 ¶ 5. Due to the slow economy, the Arizona Chemical plant closed in 2005, leaving Nicholson unemployed and without health insurance. On June 14, 2006, Nicholson filed a petition to controvert and argued that he had received a compensable, work-related injury in December 2004. In his petition, Nicholson further explained that his eczema first developed in 1998, and he notified his employer of the injury at that time. In its answer, International Paper argued that Nicholson’s condition did not arise out of his employment, and his petition to controvert was barred by the two-year statute of limitations.
 

 ¶ 6. The AJ found inconsistencies between Nicholson’s testimony at the deposition and his testimony during the eviden-tiary hearing. For instance, during the evidentiary hearing, Nicholson claimed that he did not know that his condition was work related until 2004. However, Nicholson stated in his deposition that he had assumed that his condition was work related in the 1990s. The AJ also took issue with Nicholson’s claim that he did not ask Dr. Farber what caused his injuries because Nicholson saw Dr. Farber seventy-five times between 1998 and 2005.
 

 ¶ 7. Nicholson’s medical records contained an “Attending Physician’s Statement” created in 2000 by Dr. Michael Weil, who worked with Dr. Farber. In that report, Dr. Weil indicated that Nicholson’s condition was work related. Nicholson denied seeing the report. Nicholson’s medical records also contained a “Certification of Health Care Provider” form that was completed by Dr. Farber in April 2005. In this form, Dr. Farber stated that he had treated Nicholson since 1998 for a work-related condition. Dr. Farber further explained that Nicholson’s work boots aggravated his condition, and Nicholson responded well to treatment, which required restrictions from work.
 

 ¶ 8. The AJ reasoned that:
 

 [i]n light of the length and frequency of [Nicholson’s] treatment with Dr. Farber, the fact that his condition always improved when he was off work such that he routinely returned to work unrestricted, and Dr. Farber’s consistent, clear, and unequivocal opinions about [Nicholson’s] diagnoses. Although Dr. Farber was not deposed in this cause, his records and reports between 1998 and 2006 do not reveal he had any reservations about the nature of [Nicholson’s] condition. It unfortunately appears more credible that, as [Nicholson] testified in his deposition, he did not file a Petition to Controvert until 2006 because it was not until the year before that he was released from employment, his group health policy was cancelled, and his medical expenses were not covered.
 

 Based on this evidence, the AJ ruled that Nicholson knew or should have known that his injuries were work related in 1998;
 
 *998
 
 Nicholson had two years from this date to file a petition to controvert; and his failure to do so barred his claim for workers’ compensation benefits.
 

 ¶ 9. Thereafter, Nicholson appealed the AJ’s decision to the full Commission. The Commission affirmed the dismissal of the claim on June 24, 2008. Nicholson then appealed to the Circuit Court of Pearl River County, and the circuit court affirmed the dismissal on May 7, 2009. Aggrieved, Nicholson timely filed his notice of appeal, arguing that his petition was not time-barred.
 

 ANALYSIS
 

 ¶ 10. When considering workers’ compensation appeals, this Court gives great deference to the Commission because the Commission is the ultimate finder of fact.
 
 Whirlpool Corp. v. Wilson,
 
 952 So.2d 267, 271 (¶ 15) (Miss.Ct.App.2006). Thus, we will not disturb the Commission’s decision on appeal absent a finding that the decision was “unsupported by substantial evidence, matters of law are clearly erroneous, or the decision was arbitrary and capricious.”
 
 Id.
 
 Issues of law, including statute of limitations, are reviewed de novo.
 
 Jordan v. Pace Head Start,
 
 852 So.2d 28, 30 (¶ 4) (Miss.Ct.App.2002).
 

 ¶ 11. Nicholson contends that his claim was not time-barred for two reasons: (A) International Paper is estopped from asserting statute of limitations as a defense, and (B) the statute of limitations was tolled in his case.
 

 A. Estoppel
 

 ¶ 12. Nicholson argues that International Paper is estopped from asserting the statute of limitations as a defense because it failed to comply with notice requirements pursuant to Mississippi Code Annotated section 71-3-67 (Rev.2000). Conversely, International Paper argues that Nicholson’s eczema is not work related; thus, the duty to report never arose.
 

 ¶ 13. Section 71-3-67 requires the employer, if self-insured, to file an injury report with the Commission within ten days (1) in the event of death following an injury, (2) an injury which causes loss of time in excess of five days, or (3) an injury that resulted or is likely to result in a permanent disability or serious disfigurement. Miss.Code Ann. § 71-3-67. But the failure of an employer to file notice, alone, is not sufficient to require estoppel.
 
 See Prentice v. Schindler Elevator Co.,
 
 13 So.3d 1258, 1259 (¶ 7) (Miss.2009) (citing
 
 Martin v. L & A Contracting Co.,
 
 249 Miss. 441, 162 So.2d 870, 873 (1964)).
 

 ¶ 14. Employers have been found to be estopped from raising the defense of statute of limitations when they did not report the injury to the Commission (1) where the injury sustained was fatal, (2) where the employer made misrepresentations to the claimant regarding its coverage, which the claimant relied upon, and (3) where the employer paid compensation to the claimant.
 
 See, e.g. id.
 
 at 1261 (¶¶ 8-9) (finding the employer estopped from relying bn the defense of statute of limitations where the employer failed to report the injury and made misrepresentations to the claimant, which the claimant relied upon);
 
 Holbrook ex rel. Holbrook v. Albright Mobile Homes, Inc.,
 
 703 So.2d 842, 844 (¶¶ 5-7) (Miss.1997) (finding the employer estopped from relying on the defense of statute of limitations where the employer failed to report a fatal termination of injury and misrepresented the existence of its coverage);
 
 Martin,
 
 249 Miss. at 448, 162 So.2d at 873 (finding the employer estopped from relying on the defense of statute of limitations where the employer failed to report the injury and voluntarily paid the claimant compensation).
 

 
 *999
 
 ¶ 15. In this case, Nicholson’s eczema was not a fatal injury; there is no evidence of any misrepresentations or misconduct on behalf of International Paper; and International Paper did not pay Nicholson any compensation. The alleged failure to report, alone, does not estop International Paper from raising its defense of statute of limitations; this issue is without merit.
 

 B. Statute of Limitations
 

 ¶ 16. Nicholson maintains that, until 2004, he was unaware that his injury was work related; thus, his 2006 petition to controvert was timely filed. Conversely, International Paper argues that Nicholson knew or should have known in 1998 that his injury was work related; thus, his petition to controvert is barred by the two-year statute of limitations.
 

 ¶ 17. Mississippi Code Annotated section 71-3-85(1) (Rev.2000) provides, in pertinent part, that:
 

 No claim for compensation shall be maintained unless, within thirty (30) days after the occurrence of the injury, actual notice was received by the employer or by an officer, manager, or designated representative of an employer.... Regardless of whether notice was received, if no payment of compensation (other than medical treatment or burial expense) is made and no application for benefits filed with the commission within two years from the date of the injury or death, the right to compensation therefor shall be barred.
 

 However, the statute of limitations is tolled in the event that “the claimant’s reasonably diligent efforts to obtain treatment yield no medical confirmation of compensa-ble injury.”
 
 Georgia Pac. Corp. v. Taplin,
 
 586 So.2d 823, 827 (Miss.1991). Then, the statute of limitations begins to run at the time the claimant knows or should have known the nature of his injury.
 
 Id.
 

 ¶ 18. In this case, Nicholson’s eczema developed in 1998. Between 1998 and 2005, Dr. Farber issued several work-release forms, taking Nicholson off of work for weeks at a time because of his condition. Based on Dr. Weil’s “Attending Physician’s Statement,” the doctors had determined that Nicholson’s condition was. work related as early as 2000.
 

 ¶ 19. In his deposition, Nicholson was asked whether his employer knew that he was claiming a work-related injury back in the 1990s, and Nicholson responded, ‘Tes.” When asked why he did not file his petition to controvert until 2006, Nicholson said: “Well, for one thing, I didn’t know nothing bout [sic] the plant was leaving [sic]. I just was working, and I had no concern about filing a petition.”
 

 ¶ 20. In addition, Nicholson testified to the following during the evidentiary hearing:
 

 Q. I am trying to understand how were you able to treat [sic] that long in that clinic and none of those doctors ever indicated to you that they thought your condition was work-related up until 2005? That would have been seven years that you treated [sic] in that clinic before they told you that?
 

 A. Well, for one thing, I didn’t ask them what caused it, I was just being treated. I went to the company doctor and he said that it look[s] like I had concrete poisoning, so
 
 I assumed that maybe it was chemical related.
 
 I don’t know.
 

 Q. Where else would you have come in contact with these sort of chemicals other than Arizona Chemical?
 

 A. Nowhere.
 

 (Emphasis added). Nicholson’s testimony shows that he had knowledge that his eczema could have been work related back in 1998.
 

 
 *1000
 
 ¶21. In a similar case, the claimant first complained of allergy problems due to her work environment in 1993.
 
 Cooper v. Miss. Dep’t of Rehab. Serv.,
 
 937 So.2d 51, 52 (¶ 2) (Miss.Ct.App.2006). She sought treatment for her condition in 1995.
 
 Id.
 
 In 1998, her condition grew worse, causing her to seek further medical treatment, and her physician diagnosed her impairment as work related.
 
 Id.
 
 Thereafter, the claimant filed a petition to controvert in 1998, and the Commission dismissed her claim as time-barred.
 
 Id.
 
 at (¶¶ 3-4). On appeal, the claimant argued that, until her diagnosis in 1998, she was unaware that her condition was work related.
 
 Id.
 
 at 53 (¶ 9). However, this Court found that “[the claimant] was aware of her condition, its disabling character, and its alleged relationship to her workplace. Even if the physical effects got worse over time, that does not alter that it was known to be disabling in 1995.”
 
 Id.
 
 at (¶ 17). We find the same to be applicable in Nicholson’s case.
 

 ¶ 22. The Commission found that Nicholson’s condition was not latent. His testimony showed that he thought his condition was work related back in 1998, and his medical records revealed that doctors had diagnosed his condition as work related by 2000. Although Nicholson claimed that he did not ask doctors what caused his condition, the Commission found that Nicholson knew or should have known that his eczema was related to his contact with chemicals at work. He had two years from that time to file a petition to controvert, and his failure to do so barred his claim for workers’ compensation benefits. Because there is substantial evidence supporting the Commission’s decision, we find that this argument is without merit and affirm.
 

 ¶ 23. THE JUDGMENT OF THE CIRCUIT COURT OF PEARL RIVER COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ„ CONCUR. MAXWELL, J., NOT PARTICIPATING.